| United States Bankruptcy Court<br>District of Delaware | **VOLUNTARY PETITION** |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Laboratory Partners, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>MEDLAB | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): 20-1723376 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>671 Ohio Pike, Suite K<br>Cincinnati, OH 45245 | Street Address of Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Clermont County, Ohio | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>See Attachment A | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check Box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited preparation from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion | |

B1 Official Form 1 (04/13)

B1 Official Form 1 (04/13)     Form B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Laboratory Partners, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>See Attachment A | Case Number:<br>Pending | Date Filed:<br>Date Hereof |
| District:<br>District of Delaware | Relationship:<br>Affiliate | Judge:<br>Pending |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a party of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): Laboratory Partners, Inc. |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>X _____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ *[signature]*<br>(Signature of Attorney for Debtor(s))<br><br>Robert J. Dehney<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P. O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br><br>10/25/13<br>Date<br><br>*In a case which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *[signature]*<br>Signature of Authorized Individual<br>William A. Brandt, Jr.<br>Printed Name of Authorized Individual<br>Chief Executive Officer<br>Title of Authorized Individual<br>October 25, 2013<br>Date | _____<br>Address<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ATTACHMENT A TO VOLUNTARY PETITION

1. **Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliates of the Debtor listed below (collectively, the "**Affiliated Debtors**") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330.

The Affiliated Debtors are the following entities:

> Kilbourne Medical Laboratories, Inc.
> MedLab Ohio, Inc.
> Suburban Medical Laboratory, Inc.
> Biological Technology Laboratory, Inc.
> Terre Haute Medical Laboratory, Inc.
> Pathology Associates of Terre Haute, Inc.

Contemporaneously with the filing of their voluntary petitions, the Debtor and the Affiliated Debtors (collectively, the "**Debtors**") filed a motion requesting that this Court consolidate their chapter 11 cases for procedural purposes only.

2. **Locations of Debtors' Principal Assets**

   A. **Laboratory Partners, Inc.**

   671 Ohio Pike, Suites B, C, D, E, F, J, K, Cincinnati, OH 45245

   B. **Biological Technology Laboratory, Inc.**

   10114 Woodfield Lane, Saint Louis MO 63132-2923

   10126 Woodfield Lane, Saint Louis, MO 63132

   C. **Kilbourne Medical Laboratories, Inc.**

   665 Ohio Pike, Cincinnati OH 45245

   906 Senate Drive, Centerville, OH 45459

   166 Prosperous Place, Lexington, KY 40509

   600 Executive Park, Louisville, KY 40207

   521 East County Line Road, Greenwood IN 46143

   D. **Medlab Ohio, Inc.**

   26300 Euclid Avenue, Suite 810, Euclid OH 44132-2752

        3575 Forest Lake Drive Suite 500, Uniontown, OH 44685

        8100 Ravines Edge Court, Columbus, OH 43235

        855 West Market Street, Lima, OH 45805

**E.**    **Pathology Associates of Terre Haute, Inc.**

        1606 North 7th Street, Terre Haute IN 47804

**F.**    **Suburban Medical Laboratory, Inc.**

        6800 Virginia Manor Road, Beltsville MD 20705-4200

        39303 Country Club Drive, Farmington Hills MI 48331

**G.**    **Terre Haute Medical Laboratory, Inc.**

        634 Beech Street, Terre Haute IN 47804

        1606 North 7th Street, Terre Haute IN 47801

        1945 North 4th Street, Terre Haute IN 47804

I, William A. Brandt, Jr., the duly appointed Chief Executive Officer, President and Secretary of Laboratory Partners, Inc., a Delaware corporation, Terre Haute Medical Laboratory, Inc., an Indiana corporation, Pathology Associates of Terre Haute, Inc., an Indiana corporation, Kilbourne Medical Laboratories, Inc., an Ohio corporation, MedLAB Ohio, Inc., a Delaware corporation, Suburban Medical Laboratory, Inc., an Ohio corporation, and Biological Technology Laboratory, Inc., a Missouri corporation (each, a "Corporation" and, collectively, the "Corporations"), on behalf of the Corporations, **DO HEREBY CERTIFY** that the resolutions set forth on Schedule A attached hereto were duly adopted by the Board of Directors of each of the Corporations at a joint special meeting held on October 23, 2013 at 8:00 a.m. by telephone conference, at which meeting I acted as Secretary.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of this 24th day of October 2013.

> LABORATORY PARTNERS, INC.,
> TERRE HAUTE MEDICAL LABORATORY, INC.,
> PATHOLOGY ASSOCIATES OF TERRE HAUTE, INC.,
> KILBOURNE MEDICAL LABORATORIES, INC.,
> MEDLAB OHIO, INC.,
> SUBURBAN MEDICAL LABORATORY, INC.
> AND
> BIOLOGICAL TECHNOLOGY LABORATORY, INC.
>
> By: /s/ William A. Brandt, Jr.
> William A. Brandt, Jr.
> Chief Executive Officer, President and Secretary

501229302v2

**Schedule A**

WHEREAS, Laboratory Partners, Inc. (the "Corporation") and its subsidiaries, Terre Haute Medical Laboratory, Inc. ("THML"), Pathology Associates of Terre Haute, Inc. ("PATH"), Kilbourne Medical Laboratories, Inc. ("Kilbourne"), MedLAB Ohio, Inc. ("MedLAB"), Suburban Medical Laboratory, Inc. ("Suburban"), and Biological Technology Laboratory, Inc. ("BTL" and, together with THML, PATH, Kilbourne, MedLAB and Suburban, the "Subsidiaries") are in default under the Amended and Restated Credit and Guaranty Agreement dated as of August 5, 2008 (as amended, modified, amended and restated from time to time, the "Credit Agreement") as a result of, among other things, the failure to pay all of its obligations due under the Credit Agreement on March 28, 2013;

WHEREAS, from May 1, 2013 through October 7, 2013, the Corporation and its Subsidiaries were operating pursuant to a Forbearance Agreement, dated as of May 1, 2013, by and among the Corporation, its subsidiaries, the lenders party to the Credit Agreement (the "Lenders") and The Bank of New York Mellon as administrative agent and collateral agent under the Credit Agreement, whereby the Lenders had agreed to temporarily forbear from exercising their rights and remedies (the "Forbearance Agreement");

WHEREAS, the forbearance period under the Forbearance Agreement has expired;

WHEREAS, as of April 16, 2013, each of the Corporation and its Subsidiaries are in default in regard to all of the outstanding unsecured subordinated indebtedness of the Corporation and its Subsidiaries;

WHEREAS, from April 16, 2013 through May 9, 2013, the Corporation and its Subsidiaries received notices from certain holders of unsecured subordinated indebtedness providing that such holders intend to commence an enforcement action against the Corporation and its Subsidiaries upon expiration of the 180 day standstill provision included in such subordinated notes (the "Standstill Period");

WHEREAS, the Standstill Period has expired in regards to certain holders of unsecured subordinated indebtedness of the Corporation;

WHEREAS, the Corporation's Board of Directors and the Boards of Directors of the Subsidiaries (collectively, the "Board"), having considered the financial and operational aspects of the business of the Corporation and its Subsidiaries and the best course of action to maximize value, and having heard from its financial consultant and legal advisers, deem it advisable and in the best interests of the Corporation, the Subsidiaries, its creditors, and other interested parties that petitions be filed by the Corporation and the Subsidiaries seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

WHEREAS, the Board has been presented with proposed petitions to be filed by the Corporation and its Subsidiaries in the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought; and

WHEREAS, the Board has reviewed and considered that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement between and among the Corporation and the Subsidiaries, as borrowers, debtors and debtors-in-possession, Marathon Special Opportunity Fund, L.P., as lender (the "Lender"), and The Bank of New York Mellon, as administrative and collateral agent (the "DIP Agreement") pursuant to which the Lender has agreed to provide to the Corporation and its Subsidiaries certain debtor-in-possession financing in the aggregate principal amount not to exceed $5,000,000.

NOW THEREFORE, BE IT RESOLVED, that each of the Corporation and each Subsidiary shall file a petition, substantially in the form presented to the Board, seeking relief under the provisions of chapter 11 of the Bankruptcy Code and the filing of such petition is hereby authorized and approved; and be it further

RESOLVED, that each of the Chief Executive Officer, Chief Financial Officer, President, any Vice President, Controller and any other authorized officer of the Corporation or the Subsidiaries (each, an "Authorized Officer" and, collectively, the "Authorized Officers") be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, to execute and verify such petitions in the name of the Corporation and its Subsidiaries, as the case may be, under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing such petitions on behalf of the Corporation or the Subsidiaries, as the case may be, shall determine to be necessary, advisable or appropriate; and be it further

. RESOLVED, that the law firm of Pillsbury Winthrop Shaw Pittman LLP be, and hereby is, employed under a general retainer to render legal services to, and to represent, the Corporation and its subsidiaries in connection with the petitions, chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officers shall approve; and be it further

RESOLVED, that the law firm of Morris, Nichols, Arsht &Tunnell LLP be, and hereby is, employed under a general retainer to serve as Delaware bankruptcy counsel to the Corporation and its subsidiaries in connection with the petitions, chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and be it further

RESOLVED, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making

3

of any such payment conclusively to evidence the due authorization and approval thereof by the Board; and be it further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, to take all actions in connection with the chapter 11 case authorized herein, including without limitation those actions specified herein as such Authorized Officer shall deem necessary, advisable or appropriate; and be it further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, to execute and file or cause to be executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all other action which they or any one of them deem necessary or appropriate in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case; and be it further

**RESOLVED**, that the form, terms and provisions of the DIP Agreement, including any agreements, exhibits and schedules attached thereto or contemplated thereby, including the Pledge and Security Agreement (as defined in the DIP Agreement) (collectively, the "DIP Documents"), be, and hereby are, authorized and approved in all respects, and the Corporation and its Subsidiaries are authorized to enter into the DIP Agreement and any other DIP Documents; and be it further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver the DIP Agreement and any other DIP Documents, including all exhibits and schedules attached thereto, in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, in such form and containing such other terms, provisions and conditions and with any modifications as such Authorized Officer shall determine to be necessary, advisable or appropriate, the execution and delivery thereof by such Authorized Officer to be conclusive evidence of his or her determination, the execution of which is hereby authorized; and be it further

**RESOLVED**, that each of the Corporations be, and hereby is, authorized and empowered to perform all of its obligations under the DIP Agreement, the DIP Documents, and the transactions contemplated thereby; and be it further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, to execute and file or cause to be executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all agreements, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all other action which they or any one of them deem necessary, advisable or appropriate in connection with seeking

4

Bankruptcy Court approval of, and the execution of the transactions contemplated by, the DIP Agreement; and be it further

**RESOLVED**, that each of the Authorized Officers be, and each hereby is, authorized, empowered, and directed, on behalf of, and in the name of the Corporation or the Subsidiaries, as the case may be, to retain such other professionals as they deem appropriate during the course of the chapter 11 case; and be it further

**RESOLVED**, that each of the Authorized Officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, advisable or appropriate, to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Board; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Corporation or the Subsidiaries, as the case may be; and be it further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Corporation or the Subsidiaries, as the case may be, or otherwise, such agreements, certificates, undertakings, instruments, and any and all other documents and amendments necessary, advisable or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary, advisable or appropriate in connection with the chapter 11 case or any matter related thereto, the taking of any such action or the execution and delivery of such agreements, certificates, undertakings, instruments, documents, or amendments conclusively to evidence the due authorization and approval thereof by the Board; and be it further

**RESOLVED**, that all actions heretofore taken by any director, officer, or employee of the Corporation or the Subsidiaries, as the case may be, on or prior to the date hereof, in the name and on behalf of the Corporation or the Subsidiaries, as the case may be, in connection with any of the matters contemplated by the foregoing resolutions are in all respects authorized, ratified, approved, confirmed, and adopted as the acts and deeds by and on behalf of the Corporation or the Subsidiaries, as the case may be, as fully as if such actions had been presented to the Board for its prior approval.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                          :    Chapter 11
                                               :
Laboratory Partners, Inc.,[1]                  :    Case No. 13-_____ (    )
                                               :
            Debtors.                           :
---------------------------------------------------------x

### CONSOLIDATED LIST OF CREDITORS
### HOLDING THE THIRTY (30) LARGEST UNSECURED CLAIMS

Set forth below is the consolidated list of creditors (the "Top Thirty List") that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims against the above-captioned debtors (the "Debtors").[2] This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, the failure of the Debtors to list any claim, or the listing of any claim as unsecured, does not constitute an admission by the Debtors that any secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Laboratory Partners, Inc.(3376), Kilbourne Medical Laboratories, Inc.(9849), MedLab Ohio, Inc.(9072), Suburban Medical Laboratory, Inc. (0859), Biological Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as Medlab. The Debtors' mailing address for notice in these cases is 671 Ohio Pike, Suite K, Cincinnati, OH 45245.

[2] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employees, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Amount of claim as of 10/25/2013[1] |
|---|---|---|---|
| M. Bashar Kashlan, MD<br>340 E. Randolph St., Apt 6001<br>Chicago, IL 60601 | personal email available upon request of United States Trustee | Subordinated Note Holder | $3,159,815.55 |
| Gerald J. Longa<br>145 Hamilton Drive<br>Terre Haute, IN 47803-2407 | personal email available upon request of United States Trustee | Subordinated Note Holder | $3,159,815.55 |
| Paul Kilbourne<br>2200 Snyder Road<br>Batavia, OH 45103-8919 | personal email available upon request of United States Trustee | Subordinated Note Holder | $2,451,827.30 |
| Fort Washington Private Equity Opportunities Fund II, L.P.<br>303 Broadway, Suite 1200<br>Cincinnati, OH 45202 | Stephen A. Baker<br>Fax: 513-361-7605 | Subordinated Note Holder | $1,710,177.50 |
| Oxford Bioscience Partners V L.P.<br>535 Boylston Street, Suite 402<br>Boston, MA 02116 | Jonathan Fleming<br>Fax: 617-357-7474 | Subordinated Note Holder | $1,590,859.93 |
| Primus Capital Fund VI, LP<br>5900 Landerbrook Drive, Suite 200<br>Cleveland, OH 44124-4019 | Scott Harper<br>Fax: 440-684-7342 | Subordinated Note Holder | $1,458,587.24 |
| Chrysalis Ventures II, L.P.<br>101 South Fifth Street, Suite 1650<br>Louisville, KY 40202 | David A. Jones, Jr.<br>Fax: 502-657-1195 | Subordinated Note Holder | $1,236,670.29 |

---

[1] These claim amounts represent known maximum potential liabilities. Actual amounts, if any, owed may be significantly lower. Furthermore, certain claims listed may ultimately be asserted to be all or partially secured, or related to future obligations under existing contracts.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employees, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Amount of claim as of 10/25/2013[1] |
|---|---|---|---|
| Indiana Investment Fund, L.P. AlpInvest Indiana GP, LLC c/o AlpInvest Partners, Inc. 630 Fifth Avenue, 28th Floor New York, NY 10111 | Evert Vink and Curt Rossman Fax: 212-332-6241 | Subordinated Note Holder | $1,164,917.24 |
| Fisher HealthCare 13551 Collections Center Drive Chicago, IL 60693 -and- Thermo Fisher Scientific Inc. 81 Wyman Street Waltham, MA 02454 | Fax: 800-926-1166 | Trade Vendor | $512,200.40 |
| Tri-State Growth Capital Fund I, L.P. 303 Broadway, Suite 1200 Cincinnati, OH 45202 | Stephen A. Baker Fax: 513-361-7605 | Subordinated Note Holder | $333,702.43 |
| Quest Diagnostics 12436 Collections Center Drive Chicago, IL 60693-2436 -and- Quest Diagnostics 3 Giralda Farms Madison, NJ 07940 | Phone: 1-800-222-0446 | Trade Vendor | $310,333.24 |
| Abbott Laboratories P.O. Box 100997 Atlanta, GA 30384-0997 -and- Abbott Laboratories 100 Abbott Park Road Abbott Park, Illinois 60064-3500 | Phone: 847-937-6100 | Trade Vendor | $328,612.99 |
| Siemens Healthcare Diagnostics P. O. Box 121102 Dallas, TX 75312-1102 -and- Siemens Healthcare Diagnostics 511 Benedict Ave. Tarrytown, NY 10591 | Phone: 914-631-8000 | Trade Vendor | $225,765.00 |
| Fort Washington Private Equity Investors III, L.P. 303 Broadway, Suite 1200 Cincinnati, OH 45202 | Stephen A. Baker Fax: 513-361-7605 | Subordinated Note Holder | $200,697.69 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employees, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Amount of claim as of 10/25/2013[1] |
|---|---|---|---|
| Roche Diagnostics Corp<br>Mail Code 5508<br>P.O. Box 105046<br>Atlanta, GA 30348-5046<br>-and-<br>Roche Diagnostics Corporation<br>9115 Hague Rd.<br>Indianapolis, IN 46250 | Phone: 317-521-2000<br>Fax: 317-521-2090 | Trade Vendor | $192,742.33 |
| Beckman Coulter Inc<br>Dept CH 10164<br>Palatine, IL 60055-0164<br>-and-<br>250 S. Kraemer Blvd.<br>Brea, CA, 92822 United States | Fax: 232-800-3828<br>Phone: 714-993-5321<br>Fax: 800-232-3828 | Trade Vendor | $151,396.52 |
| Fort Washington Private Equity Investors VI, L.P.<br>303 Broadway, Suite 1200<br>Cincinnati, OH 45202 | Stephen A. Baker<br>Fax: 513-361-7605 | Subordinated Note Holder | $148,710.76 |
| Verizon Wireless<br>PO Box 25505<br>Lehigh Valley, PA 18002-5505<br>-and-<br>Verizon Wireless Bankruptcy Administration<br>500 Technology Drive<br>Suite 550<br>Weldon Spring, MO 63304 | Fax: 212-571-1897 | Trade Vendor | $179,636.23 |
| Alere North America Inc.<br>PO Box 846153<br>Boston, MA 02284-6153<br>-and-<br>Alere Inc.<br>51 Sawyer Road, Suite 200<br>Waltham, MA 02453-3448 | Fax: 302-636-5454 | Trade Vendor | $108,351.02 |
| Alston & Bird LLP<br>PO Box 933124<br>Atlanta, GA 31193-3124<br>-and-<br>Alston & Bird LLP<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387 | Fax: 404-881-7777<br>Phone: 212-210-9400<br>Fax: 212-210-9444 | Trade Vendor | $119,710.97 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employees, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Amount of claim as of 10/25/2013[1] |
|---|---|---|---|
| Leasing Assoc of Barrington<br>33 West Higgins Road Suite 1030<br>South Barrington, IL 60010<br>-and-<br>Leasing Associatees of Barrington, Inc.<br>33 West Higgins Road, Suite 1030<br>South Barrington, IL 60010 | Phone: 847-428-8550<br>Fax: 847-428-8575 | Trade Vendor | $163,468.72 |
| Cardinal Health<br>7000 Cardinal Place<br>Dublin, OH 43017 | Phone: 614-757-5000 | Trade Vendor | $104,482.98 |
| Soft Computer Consultants Inc.<br>5400 Tech Data Drive<br>Clearwater, FL 33760 | Fax: 727-789-0124 | Trade Vendor | $98,288.93 |
| Seacoast Laboratory Data Systems<br>195 New Hampshire Avenue<br>Portsmouth, NH 03801 | Fax: 603-766-7950 | Trade Vendor | $94,012.41 |
| BioMerieux, Inc.<br>P.O. Box 500308<br>St. Louis, MO 63150-0308<br>-and-<br>BioMerieux, Inc.<br>100 Rodolphe Street<br>Durham, NC 27712 | Fax: 314-731-8678 | Trade Vendor | $90,805.06 |
| Richard T. Daly<br>1233 University Avenue<br>Palo Alto, CA 94301 | personal email available upon request of United States Trustee | Subordinated Note Holder | $65,479.79 |
| Kettering Health Network<br>2110 Leiter Road<br>Miamisburg, OH 45342 | Fax: 603-452-9374 | Trade Vendor | $56,224.76 |
| HealthWare Systems<br>2511 Technology Drive<br>Elgin, IL 60123 | Fax: 847-783-0696 | Trade Vendor | $50,000.00 |
| University of Kentucky<br>214D Main Building<br>Lexington, KY 40506-0032 | Susan Krauss<br>Fax: 859-257-3823 | Subordinated Note Holder | $46,472.74 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and fax number of employees, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Amount of claim as of 10/25/2013[1] |
|---|---|---|---|
| mRNA Fund V LP<br>535 Boylston Street, Suite 402<br>Boston, MA 02116 | Jonathan Fleming<br>Fax: 617-357-7474 | Subordinated Note Holder | $35,218.27 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                  :   Chapter 11
                                       :
Laboratory Partners, Inc.,             :   Case No. 13-_____ (    )
                                       :
                        Debtor.        :
------------------------------------------------------------x

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of Laboratory Partners, Inc., the debtor in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing consolidated list of the thirty largest unsecured creditors of the Debtor and its affiliated debtors on a consolidated basis, and that it is true and correct to the best of my information and belief.

Dated: OCTOBER 24, 2013

_____
William A. Brandt, Jr.
Chief Executive Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
Laboratory Partners, Inc.,               :    Case No. 13-_____ (       )
                                         :
                    Debtor.              :
---------------------------------------------------------x

**CORPORATE OWNERSHIP STATEMENT AND EQUITY SECURITY HOLDERS
LIST OF LABORATORY PARTNERS, INC., PURSUANT TO
BANKRUPTCY RULES 1007(a)(3) AND 7007.1**

Pursuant to Rule 7007.1 of the Federal Rules of Bankruptcy Procedure, Laboratory Partners, Inc. states that the following entities own 10% of more of a class of equity interests in Laboratory Partners, Inc.:

- Oxford Biosciences Partners IV
- Oxford Biosciences Partners V
- Chrysalis Ventures II
- Indiana Investment Fund, L.P.
- Primus Capital Fund VI, L.P.
- Richard T. Daly

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, Laboratory Partners, Inc. states that its equity security holders are as follows:

| Equity Holder | Address | Common Stock | Series A Shares | Series B Shares | Series D Shares | Series D-1 Shares | Series E Shares | Series F Shares | Series A Warrants |
|---|---|---|---|---|---|---|---|---|---|
| Oxford Bioscience Partners IV | 222 Berkeley Street Suite 1650 Boston, MA 02116 | 0 | 223,755 | 27,973 | 25,952 | 53,639 | 49,289 | 30,805 | 43,563 |
| mRNA Fund II | 222 Berkeley Street Suite 1650 Boston, MA 02116 | 0 | 2,245 | 280 | 260 | 538 | 494 | 309 | 0 |
| Oxford Bioscience Partners V | 222 Berkeley Street Suite 1650 Boston, MA 02116 | 0 | 0 | 510,249 | 52,603 | 108,725 | 99,905 | 62,441 | 0 |
| mRNA Fund V | Attn: Jonathan Fleming 222 Berkeley Street, Suite 1650 Boston, MA | 0 | 0 | 11,498 | 1,185 | 2,450 | 2,251 | 1,407 | 437 |
| Chrysalis Ventures II | Attn: David A Jones, Jr 101 South Fifth Street, Suite 1650 Louisville, KY 40202 | 0 | 100,000 | 355,000 | 224,000 | 131,161 | 115,544 | 72,215 | 0 |
| Ft Wash Priv Equity Invstrs III, L.P. | Attn: Stephen A Baker 303 Broadway, Suite 1200 Cincinnati, OH 45202 | 0 | 25,000 | 28,050 | 5,968 | 11,400 | 10,043 | 6,277 | 0 |
| Tri-State Growth Cap Fund I, L.P. | Attn: Stephen A Baker 303 Broadway, Suite 1200 Cincinnati, OH 45202 | 0 | 40,000 | 45,900 | 9,664 | 18,460 | 16,262 | 10,164 | 0 |
| University of Kentucky | Attn: Stephen A Baker 303 Broadway, Suite 1200 Cincinnati, OH 45202 | 0 | 10,000 | 11,050 | 2,368 | 4,524 | 3,985 | 2,490 | 0 |
| John P. Davis, d/b/a Hillside Capital Management | 12 Winthrop Hill Weston, CT 06883 | 0 | 2,500 | 5,000 | 400 | 1,526 | 1,344 | 840 | 0 |
| Indiana Investment Fund, L.P. | AlpInvest Indiana GP, LLC c/o AlpInvest Partners, Inc. 630 Fifth Avenue, 28th Floor New York, NY 10111 | 0 | 0 | 1,000,000 | 123,200 | 40,000 | 165,894 | 103,684 | 0 |
| Marathon Special Opportunity Fund, L.P. | One Bryant Park 38th Floor New York, NY 10036 | 0 | 0 | 200,000 | 34,000 | 32,000 | 37,936 | 23,710 | 0 |
| Aquilo Partners, L.P. | One Maritime Plaza 15th Floor San Francisco, CA 94111 | 0 | 0 | 12,000 | 8,000 | 1,545 | 0 | 0 | 0 |
| Daly Preferred | 1233 University Avenue Palo Alto, CA 94301-2241 | 0 | 0 | 5,000 | 400 | 1,043 | 919 | 574 | 0 |
| Dr. M. Bashar Kashlan | 340 E Randolph Street Apt. 6001 Chicago, IL 60601 | 2,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Dr. Gerald Longa | 145 Hamilton Drive Terre Haute, IN 47803-2407 | 1,000 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Richard T. Daly | Attn: Keith Kerman 5900 Landerbrook Drive, Suite 200 Cleveland, OH 44124-4019 | 0 | 0 | 0 | 800,000 | 154,534 | 136,134 | 85,084 | 0 |
| Primus Capital Fund VI, L.P. | 1233 University Avenue Palo Alto, CA 94301-2241 | 263,938 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| | Totals | 266,938 | 403,500 | 2,212,000 | 1,288,000 | 561,545 | 640,000 | 400,000 | 44,000 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
Laboratory Partners, Inc.,               :    Case No. 13-_____ (    )
                                         :
                    Debtor.              :
---------------------------------------------------------x

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of Laboratory Partners, Inc., the debtor in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing list of equity security holders and corporate ownership statement of the Debtor and that it is true and correct to the best of my information and belief.

Dated: October 24, 2013

/s/ William A. Brandt, Jr.
William A. Brandt, Jr.
Chief Executive Officer