## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Laboratory Partners, Inc., | : | Case No. 13-12769 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Kilbourne Medical Laboratories, Inc., | : | Case No. 13-12771 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MedLab Ohio, Inc., | : | Case No. 13-12772 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Suburban Medical Laboratory, Inc., | : | Case No. 13-12773 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Biological Technology Laboratory, Inc., | : | Case No. 13-12774 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Terre Haute Medical Laboratory, Inc., | : | Case No. 13-12775 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Pathology Associates of Terre Haute, Inc., | : | Case No. 13-12776 (     ) |
| | : | |
| Debtor. | : | |

----------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING
## JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of the Debtors' chapter 11 cases. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of William A. Brandt, Jr. In Support of First Day Relief* (the "Brandt Declaration"), which was filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed co-counsel, respectfully state as follows:

### BACKGROUND

1.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors intend to continue in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtors have requested that these chapter 11 cases be consolidated for procedural purposes. As of the date hereof, no official committee of unsecured creditors has been appointed.

2.     The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Brandt Declaration.

## JURISDICTION

3.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## RELIEF REQUESTED

4.      By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, consolidating the Debtors' chapter 11 cases for procedural purposes only.

## BASIS FOR RELIEF

5.      Bankruptcy Rule 1015 authorizes the Court to order the joint administration of two or more cases pending before it under the Bankruptcy Code when affiliated debtors are involved. Further, Local Rule 1015-1 provides as follows: "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

6.      It will be most efficient for the administration of these cases if the Court authorizes joint administration. The Debtors anticipate that practically all of the hearings and matters involved in these chapter 11 cases will affect all of the Debtors. If approved, joint administration will reduce costs, facilitate administrative efficiency, and avoid the procedural problems otherwise attendant to the administration of separate but related chapter 11 cases. The

Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Furthermore, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the District of Delaware will be simplified. Moreover, no party or substantive rights will be prejudiced by the relief requested herein.

7.    The joint administration of multiple related cases is common in this District. *See, e.g., In re BT Tires Group Holding, LLC,* Case No. 09-11173 (CSS) (Bankr. D. Del. Apr. 3, 2009); *In re ACG Holdings, Inc.,* Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); *In re Pierre Foods, Inc.*, Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); *In re Tropicana Entm't, LLC,* Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); *In re Leiner Health Prods., Inc.*, Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008).

8.    For all of these reasons, the Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Laboratory Partners, Inc. In addition, the Debtors propose that all pleadings relating to the Debtors' cases contain the following joint caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
In re                                :    Chapter 11
                                     :
Laboratory Partners, Inc., et al.,   :    Case No. 13-12769 (      )
                                     :
                Debtors.             :    (Jointly Administered)
-------------------------------------------------------x
```

9.    The Debtors also request that all original pleadings be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Laboratory Partners, Inc., Case No. 13-12769 (____), and a docket entry shall be made in the other Debtors' chapter 11 cases substantially as follows:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Laboratory Partners, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Laboratory Partners, Inc., Case No. 13-12769 (__), should be consulted for all matters affecting this case.

10.     As the relief sought herein is procedural and not intended to affect substantive rights, no party will be prejudiced by the granting of this Motion.

## NOTICE

11.     Notice of the hearing on this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; and (c) counsel to the Debtors' postpetition lender. As this Motion is seeking first day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). The Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

12.     No previous motion for the relief sought herein has been made to this or to any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the Motion and such other and further relief as may be just and proper.

Dated: October 25, 2013
          Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Erin R. Fay*
Robert J. Dehney (No. 3578)
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Erin R. Fay (No. 5268)
1201 N. Market St., 16th Flr.
PO Box 1347
Wilmington, DE  19899-1347
Telephone:  302-658-9200
Facsimile:  302-658-3989

-and-

PILLSBURY WINTHROP SHAW PITTMAN LLP
Leo T. Crowley
Margot Erlich
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Proposed Counsel to Debtors
and Debtors in Possession*

5952728.2