IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------x
In re                              : Chapter 11
                                   :
Laboratory Partners, Inc., et al.,[1]  : Case No. 13-13-12769 (PJW)
                                   :
         Debtors.                  : (Jointly Administered)
                                   : Re: D.I. 46, 97, and  99
---------------------------------------------x

### ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH SALE(S) OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) SCHEDULING HEARING TO CONSIDER SALE; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; (IV) AUTHORIZING ENTRY INTO STALKING HORSE AGREEMENTS SUBJECT TO FURTHER HEARING; AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of orders approving bidding procedures and the sales of the Purchased Assets; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances;

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Laboratory Partners, Inc. (3376), Kilbourne Medical Laboratories, Inc. (9849), MedLab Ohio, Inc. (9072), Suburban Medical Laboratory, Inc. (0859), Biological Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as MEDLAB. The Debtors' mailing address for notice in these cases is: 671 Ohio Pike, Suite K, Cincinnati, OH 45245.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[3]

A.  This Court has jurisdiction over the Motion and the transactions contemplated thereunder pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auctions, Sale Hearings and Cure Amounts. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C.  The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auctions, the sale of the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

D.  The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (i) the entry, subject to the terms hereof, into one or more Stalking Horse Agreements, subject to higher or better offers at the Auctions, with one or more Stalking Horse Bidders, which Stalking Horse Agreements may provide for the provision of the Bid Protections to such Stalking Horse Bidders in accordance with the terms hereof; (ii) the establishment of bidding procedures for the auction and sale of the Purchased Assets and the scheduling of a bid deadline, auction and sale hearing for the sale of the

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

Purchased Assets; and (iii) the establishment of procedures, as set forth below, for the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases to any purchaser of the Purchased Assets and/or to resolve any objections thereto, including procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code.

E.     The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets, which include: (i) the "Long-Term Care Division" that provides clinical laboratory and anatomic pathology services to skilled nursing facilities in Illinois, Indiana, Kentucky, Maryland, Michigan, Missouri, Ohio, Virginia and Washington DC; (ii) the "Talon Division" that provides clinical laboratory and anatomic pathology services to physicians, physician offices and medical groups in Indiana and Illinois; and (iii) the "Union Hospital Division" that provides clinical laboratory, anatomic pathology and nuclear imaging services to Union Hospital in Terre Haute and Clinton, Indiana.

F.     The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Motion is granted to the extent herein.

2.     All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

### **Bidding Procedures**

3. The Bidding Procedures, in substantially the form attached hereto as Schedule 1, are hereby incorporated herein and approved,[4] and shall apply with respect to the sale of the Purchased Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

### **Bid Deadline, Auction and Sale Hearing**

4. As further described in the Bidding Procedures, the deadline for submitting bids for the Long-Term Care Division is December 11, 2013 at 12:00 noon (ET) and the deadline for submitting bids for the Talon Division or Union Hospital Division, including combined bids for the Talon and Union Hospital Divisions, is January 21, 2014 at 12:00 noon (ET) (together, the "Bid Deadlines"). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures. The Debtors may extend the Bid Deadlines by filing a notice of such extension with the Court and serving such notice upon the parties that received the Motion. For the avoidance of doubt, bids for the Talon Division may also include an offer to purchase the Union Hospital Division.

5. The Debtors may sell the Purchased Assets by conducting Auctions for such Purchased Assets in accordance with the Bidding Procedures. Pursuant to the Bidding Procedures, if two or more Qualified Bids for a Purchased Asset (which may include a Stalking Horse Agreement) are timely received by the Debtors and the other Notice Parties (as defined in the Bidding Procedures) in accordance with the Bidding Procedures:

---

[4] The failure specifically to include or reference a particular provision of the Bidding Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision.

(a)  the Auction for the Long-Term Care Division shall take place on December 16, 2013 at 10:00 a.m. (ET) at the offices of Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 or at such other place, date and time as may be designated in writing by the Debtors to the Auction Notice Parties; and

(b)  the Auction for the Talon Division and/or Union Hospital Division shall take place on January 30, 2014 at 10:00 a.m. (ET) at the offices of Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039 or at such other place, date and time as may be designated in writing by the Debtors to the Auction Notice Parties.

6.  If, however, fewer than (i) two Qualified Bids for a Purchased Asset or (ii) a Stalking Horse Agreement and a Qualified Bid for a Purchased Asset are received by the applicable Bid Deadline, then the Auctions will not be held. If only one Qualified Bid (or Stalking Horse Agreement) for a Purchased Asset has been received by the applicable Bid Deadline, such Qualified Bid (or Stalking Horse Agreement) shall be designated as the Successful Bid (as defined in the Bidding Procedures), and the Debtors may seek Bankruptcy Court approval of such Qualified Bid.

7.  Each Qualified Bidder participating at each Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the applicable Sale.

8.  The Auctions will be conducted openly.

9.  Bidding at the Auctions will be transcribed or videotaped.

10.  The Sale Hearing for the Long-Term Care Division shall be held before this Court on December 19, 2013 at 11:00 a.m. (ET), or as soon thereafter as counsel and interested parties may be heard.

11. The Sale Hearing for the Talon Division and/or Union Hospital Division shall be held before this Court on February 3, 2014 at 11:30 a.m. (ET), or as soon thereafter as counsel and interested parties may be heard.

12. The Sale Hearings may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment at a hearing before this Court or in the applicable agenda letter, filed with this Court.

13. Objections to the sale of the Long-Term Care Division, or related relief requested in the Motion,[5] must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (ET) on December 12, 2013, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (ET) on the same day, upon:

> (i) the Debtors, 671 Ohio Pike, Suite K, Cincinnati, OH 45245; (ii) proposed co-counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036 (Attn: Leo T. Crowley, Jonathan Russo and Margot Erlich) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P. O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney and Derek C. Abbott); (iii) proposed investment bankers to the Debtors, Duff & Phelps Securities, LLC, 10100 Santa Monica Blvd, Suite 1100, Los Angeles, CA 90067 (Attn: Mark Catania); (iv) Development Specialists, Inc., Three First National Plaza, 70 West Madison Street, Suite 2300, Chicago, IL 60602-4250 (Attn: William A. Brandt, Jr.); (v) counsel to DIP Lender, Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022 (Attn: Mark Deveno and Erin K. Mautner) and Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801 (Attn: Mark Collins); (vii) proposed counsel to the Committee: Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: David M. Posner), and Klehr Harrison Harvey Branzburg, LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801-3062 (Attn: Margaret Manning); (viii) proposed financial advisor to the Committee, Carl Marks Advisory Group, LLC, 900 Third Avenue, 33rd Floor, New York, NY 10022 (Attn: Chuck Boguslaski) and (ix) the United States Trustee for the District of Delaware, 844 King Street,

---

[5] Other than objections to the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases, which are addressed below.

Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter) (the "U.S. Trustee," and collectively, all of the foregoing, the "Objection Notice Parties").

14. Objections to the sale of the Talon Division and/or Union Hospital Division or related relief requested in the Motion,[6] must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (ET) on January 27, 2014, or such later date and time as the Debtors may agree; and (d) be served so as to be received no later than 4:00 p.m. (ET) on the same day, upon the Objection Notice Parties.

15. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearings.

### Notice of Auctions and Sale Hearings

16. The Notice of Auctions and Sale Hearings (as defined below) and the Notice of Assumption and Assignment (as defined below) to be issued in connection with the proposed sales of the Purchased Assets, substantially in the forms annexed hereto as Schedule 2 and Schedule 3, respectively, are approved, and such notice shall be good and sufficient, and no other or further notice shall be required if given as provided herein.

17. As soon as practicable after entry of this Bidding Procedures Order, the Debtors will cause the notice, substantially in the form attached hereto as Schedule 2 (the "Notice of Auctions and Sale Hearings") and this Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (a) the U.S. Trustee; (b) counsel for and members of any Committee; (c) counsel to the DIP Lender and the Prepetition Lenders; (d) all entities (or

---

[6] Other than objections to the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases, which are addressed below.

counsel therefor) known or reasonably believed to have asserted any lien, claim, encumbrance, right of refusal, or other interest in or upon any portion of the Purchased Assets; (e) all non-Debtor parties to the Executory Contracts and Unexpired Leases; (f) all Persons known or reasonably believed to have expressed a bona fide interest in acquiring some or all of any of the Purchased Assets within the last six months; (g) federal, state and local regulatory or taxing authorities or recording offices or any other governmental authorities that, as a result of the sale of the Purchased Assets, may have claims, contingent or otherwise, in connection with the Debtors' ownership of the Purchased Assets or have any reasonably known interest in the relief requested by the Motion; (h) the Internal Revenue Service; (i) the Attorneys General in the states where the Purchased Assets are located; and (j) all parties that have requested, prior to the date of service of the notice, or that are required to receive notice pursuant to Bankruptcy Rule 2002 (the "Bidding Procedures Notice Parties").

18. As soon as practicable after entry of this Bidding Procedures Order, the Debtors will cause subject to applicable submission deadlines, the Notice of Auctions and Sale Hearings to be published in one (1) national publication the Debtors deem appropriate.

19. In addition to the foregoing, electronic copies of the Motion, the Bidding Procedures Order and the Notice of Auctions and Sale Hearings will be posted on: (a) the Court's website, http://www.deb.uscourts.gov on the docket for the above-captioned case; and (b) the case website maintained by the Debtors' claims and noticing agent, BMC Group, Inc., www.bmcgroup.com/laboratorypartners.

### Assumption and Assignment of Executory Contracts and Unexpired Leases

20. As soon as practicable after the entry of this Bidding Procedures Order, the Debtors shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases (substantially in the

form attached hereto as Schedule 3, the "Notice of Assumption and Assignment") on all non-Debtor parties to the Executory Contracts and Unexpired Leases. In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to a purchaser of any of Purchased Assets (a "Purchaser") not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

21. In the Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment, the Debtors shall identify whether the Executory Contract or Unexpired Lease may be assumed, and (a) the calculation of the undisputed cure amounts that the Debtors believe must be paid to cure all defaults under such Executory Contract and Unexpired Lease, and (b) any non-monetary default under such Executory Contract and Unexpired Lease known to the Debtors that is required to be cured under section 365 of the Bankruptcy Code prior to the assumption and/or assignment of such Executory Contract and Unexpired Lease (collectively, the "Cure Amounts"). If the Debtors believe that there is no Cure Amount under an Executory Contract or Unexpired Lease, no corresponding amount or nonmonetary default shall be listed on the Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment.

22. Unless the non-Debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure/Assignment Objection") to (a) its scheduled Cure Amount and/or (b) the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease (other than as to adequate assurance of future performance) by 4:00 p.m. (ET) on the date that is fourteen (14) days after service of the applicable Notice of Assumption and

Assignment (or, for any Executory Contract or Unexpired Lease for which a Supplemental Notice of Assumption and Assignment was served, 4:00 p.m. (ET) on the date that is ten (10) days after service of the applicable Supplemental Notice of Assumption and Assignment) (the "Cure/Assignment Objection Deadline") and serves a copy of the Cure/Assignment Objection no later than 4:00 p.m. (ET) on the Cure/Assignment Objection Deadline on the same day to the Objection Notice Parties, then such non-Debtor party (i) will be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtors shall be entitled to rely solely upon the Cure Amount, and (ii) if the Executory Contract or Unexpired Lease was identified as to be assumed, assigned and/or transferred by the Successful Bidder, be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease and shall be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease.

23.     If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party and/or any non-monetary defaults the objecting party asserts must be cured prior to assumption and/or assignment of the applicable Executory Contract or Unexpired Lease (the "Claimed Cure Amount") with appropriate documentation in support thereof. After receipt of an objection to a Cure Amount and at the relevant closing, the Debtors or the Successful Bidder, as the case may be, may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the Debtors, the Successful Bidder and the objecting party. If

the Claimed Cure Amount or such other amount as the Court may order is held in reserve, the Debtors may assume, assign and/or transfer the Executory Contract or Unexpired Lease that is the subject of an objection without further delay. Upon assumption and assignment of such Executory Contract or Unexpired Lease, the objecting party's recourse with respect to the Cure Amounts will be limited to the funds held in reserve.

24. The Debtors or the Successful Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease (an "Excluded Contract") from the list of Purchased Assets no later than one (1) business day after to the applicable Sale Order is entered. The non-Debtor party or parties to any such Excluded Contract will be notified of such exclusion by written notice mailed within one (1) business day of such determination.

25. Within one (1) business day after the conclusion of the Auction for a Purchased Asset, the Debtors will serve a notice identifying the Successful Bidder(s) and Back-Up Bidder to the non-Debtor parties to the Executory Contracts and Unexpired Leases that have been identified in the Successful Bid for such Purchased Asset. The non-Debtor parties to the Executory Contracts and Unexpired Leases will have until 12:00 noon (Prevailing Eastern Time) on the date that is one (1) business day prior to the Sale Hearing to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

26. Replies to objections to the Motion shall be filed on or before 5:00 p.m. (ET) on the date that is one (1) business day prior to the Sale Hearing.

## Other Stalking Horse Agreements

27. At any time on or prior to 5:00 p.m. (ET) on December 6, 2013 as to the Long-Term Care Division sale or January 15, 2014 as to a sale of the Talon Division or Union Hospital Division, including a combined sale of the Talon and Union Hospital Divisions, (the "Stalking Horse Deadlines"), the Debtors, with the reasonable consent of the DIP Lender, Prepetition Lenders, and the Committee, may, with respect to each Purchased Asset for which a Stalking Horse Bidder has not been approved by the Court, enter into a purchase agreement (each, a "Stalking Horse Agreement"), subject to higher and better offers at the Auctions, with a bidder that submits a Qualified Bid with respect to such Purchased Asset (each, a "Stalking Horse Bidder") to establish a minimum Qualified Bid for such Purchased Asset at the Auctions. The Stalking Horse Agreement may, with the reasonable consent of the DIP Lender, Prepetition Lenders, and the Committee, contain customary terms and conditions providing the Stalking Horse Bidder with reasonable expense reimbursement, overbid protections break-up fees or other bid protections (collectively, the "Bid Protections").

28. If the Debtors enter into any such Stalking Horse Agreement(s), (a) on or before the Stalking Horse Deadlines, the agreement(s) shall be placed on the Court's docket and notice thereof shall be given to all parties who received notice of the Bidding Procedures Motion, all parties on the Debtors' 2002 notice list and all Potential Bidders; and (b) the Court shall conduct a hearing on a date that is two (2) or more business days thereafter to consider approval of any proposed Bid Protections. The Bid Protections hearing may be adjourned or rescheduled without notice other than as stated on the record in Court or in an appropriate agenda letter.

29. Should the Court approve an expense reimbursement in a Stalking Horse Agreement, the Debtors will be authorized to pay such expense reimbursement as provided in

such Stalking Horse Agreement, and the obligation to pay such amount: (i) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) shall not be subordinate to any other administrative expense claim against the Debtors (other than any super-priority claim granted under the proposed DIP Orders, any carve-out for professional fees and expenses included in the proposed DIP Orders, or any adequate protection order in existence as of the date hereof); and (iii) shall survive the termination of the applicable Stalking Horse Agreement.

### Credit Bidding

30. The DIP Lender and the Prepetition Lenders (each a "Credit Bidding Party") shall be deemed to be a Potential Bidder and a Qualified Bidder for all purposes in connection with the Bidding Procedures and as Credit Bidding Party shall, pursuant to 11 U.S.C. § 363(k), be permitted, but not compelled, to credit bid ("Credit Bid") up to the full amount of its prepetition secured claims and/or claims related to postpetition debtor in possession financing against the Debtors at the Auctions; provided, however, that all parties' rights with respect to such Credit Bid are reserved consistent with the rights preserved in paragraph 31 of the *Interim Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364 And 507 (1) Approving Postpetition Financing, (2) Authorizing Use Of Cash Collateral, (3) Granting Liens And Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, (5) Modifying Automatic Stay; And (6) Scheduling A Final Hearing* (D.I. 34).

### Reservation of Rights

31. Entry of this Bidding Procedures Order shall not constitute a waiver of the rights of any party to object to the sale of Purchased Assets in accordance with the objection

procedures set forth in the Notice of Auctions and Sale Hearings. All such objection rights, and the Debtors' rights to respond to any Sale objections, are hereby expressly reserved.

### Other Provisions

32. Except as otherwise provided herein, the Debtors shall have the right as they may determine in the exercise of their business judgment (after consultation with the DIP Lender, Prepetition Lenders, and the Committee) to be in the best interests of their estates, to: (i) determine which bidders are Potential Bidders or Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) remove some of the Purchased Assets from the Auctions; (vi) waive terms and conditions set forth in the Bidding Procedures with respect to all Potential Bidders; (vii) impose additional terms and conditions with respect to all Potential Bidders; (viii) extend the deadlines set forth in the Bidding Procedures; (ix) adjourn or cancel the Auctions and/or Sale Hearings in open court without further notice; and (x) modify the Bidding Procedures as the Debtors may determine to be in the best interest of their estates or to withdraw the Motion at any time with or without prejudice.

33. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately upon its entry.

34. The requirements of Local Rule 6004-1 with respect to filing asset purchase agreements and sale orders are waived; provided that (i) the Debtors shall file a proposed Talon and/or Union Hospital Division Asset Purchase Agreement no later than ten (10) business days after the entry of this Bidding Procedures Order and contemporaneously serve

such agreement on the parties that received notice of the Motion, and (ii) the Debtors shall file sale orders not less than twenty-one (21) days prior to the applicable Sale Hearing and contemporaneously serve such orders on the parties that received notice of the Motion.

35. Notwithstanding Bankruptcy Rule 2002(a)(2), the notice proposed herein is sufficient and appropriate.

36. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: Nov. 1, 2013
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

7733825.4

15