IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| LABORATORY PARTNERS, INC., et al., | Case No. 13-12769 (PJW) (Jointly Administered) |
| Debtors. | Hearing. Date: Adjourned<br>Objection Deadline: extended by<br>by agreement with Debtors |

## UNITED STATES' PROTECTIVE OBJECTION TO DEBTORS' MOTION FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

The United States, on behalf of its Secretary of Health and Human Services ("HHS"), respectfully files this Protective Objection to Debtors' Motion for Orders: (A)(I) Approving Bidding Procedures in Connection with Sale(s) of Substantially all of the Debtors' Assets; (II) Scheduling Hearings to Consider Sales; (III) Approving Form and Manner of Notice Thereof; and (IV) Authorizing Entry into Stalking Horse Agreements Subject to Further Hearing; (B)(I) Authorizing and Approving Sales of Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief ("Sale Motion"). D.I. 46. In support of its objection, HHS avers as follows:

## BACKGROUND

The Sale Motion provides that the Debtors will be not be assuming or assigning any agreements with HHS.[1] However, the Debtors are proposing an unauthorized sale of lists of their customers' protected health information that violates federal law. Exhibit B, attached to the Sale Motion is the Long-Term Care Division Asset Purchase Agreement ("APA"), in Article I, Section 1.1(f) specifically includes as assets to be sold:

> [A]ll **customer lists**, machinery and equipment records, mailing lists, quality control records and procedures, employment and personnel records (to the extent related to Business Employees actually employed by Purchaser and permitted to be transferred by applicable Law) and display materials, each to the extent used primarily in the Business.

*Id.*, emphasis added.

Several of the Debtors who are parties to the Long-Term Care Division Asset Purchase Agreement are covered entities under the Health Information Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320, et seq., because they are health care providers that billed Medicare electronically. *See* 45 C.F.R. § 160.103 (definition of covered entity). As covered entities, the Debtors must comply with the requirements of HIPAA. HIPAA regulations provide that covered entities who seek to sell their customers' protected health information can only do so with their customers' authorization:

> **Authorization Required: Sale of protected health information.**
> (i) Notwithstanding any provision of this subpart, other than the transition provisions in § 164.532, a covered entity must obtain an authorization for any

---

[1] CMS will not make payments to a prospective supplier unless it is enrolled in Medicare. *See* 42 C.F.R. §§ 424.500-470. CMS Enrollment Agreements, like those held by the Debtors, are not assignable. CMS regulations state "A provider or supplier is prohibited from selling its Medicare billing number or privileges to any individual or entity, or allowing another individual or entity to use its Medicare billing number." 42 C.F.R. § 424.550(a).

disclosure of protected health information which is a sale of protected health information, as defined in § 164.501 of this subpart. (ii) Such authorization must state that the disclosure will result in remuneration to the covered entity.

45 C.F.R. §164.508(a)(4).

Protected health information is any "individually identifiable health information" held or transmitted by a covered entity in any form or media, whether electronic, paper, or oral. 45 C.F.R §§ 160.103, 164.501. Individually identifiable health information is a subset of health information, including demographic information collected from an individual, and:

> (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
>> (i) That identifies the individual; or
>> (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

45 C.F.R. § 160.103. Individually identifiable health information includes many common identifiers such as name, address, birth date, and Social Security Number. *See U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 241 (3rd Cir. 2013); 65 F.R. 82493.

## ARGUMENT

The Debtors have not provided any details about the customer lists but "all customer lists" are being sold. To the extent the customer lists contain any individually identifiable health information, Debtors' have not demonstrated that each affected customer has authorized a sale of protected health information, and discloses that the Debtor will receive remuneration for that sale. 45 C.F.R. § 164.508(a)(4). The Debtors' "customer lists" almost certainly contain protected health information whose sale is restricted under HIPAA. *Romagosa v. Thomas*, No.

6:06-CV-301-ORL-19JGG, 2006 WL 2085461 at *6 (M.D. Fla. July 25, 2006) ("[A] sale of the [a] patient list to generate income ... may be restricted under federal privacy laws such as HIPAA."); *see In re Hall*, No. 09-10084-B-7, 2010 WL 9485834 at *4 (Bankr. E.D. Cal. Sept. 30, 2010); *see also Q2Administrators, LLC*, 728 F.3d at 241 (Protected health information is "individually identifiable health information" and "includes facts such as names, addresses, dates, contact information...and the like.") (citations omitted). Debtors have provided no evidence of receiving such qualifying authorizations from its customers.[2]

Counsel for the United States has advised Debtors' counsel that, if the purchaser of the Long-Term Care Division Debtors is a "Covered Entity" under HIPAA, the sale of the Acquired Assets would not necessarily require the authorization of the beneficiaries as it would be considered a disclosure for the purposes of health care operations. 45 C.F.R. § 164.501. However, Debtors' counsel has been unable to assure the United States that the purchaser will be a "Covered Entity."

---

[2] While it is true that health care providers may, under limited circumstances, disclose health information for "[t]reatment" or "health care operations," *see* 45 C.F.R. § 164.506(c), the actions contemplated by the Sale Motion have not been shown to qualify as either "[t]reatment" or "health care operations" under applicable law.

## CONCLUSION

Debtors' proposed sale of their customer list violates federal law because they have no customer authorization to sell protected health information and because they have not shown that an exception to this requirement applies. As a result, the Court must deny in the Sale Motion.

Dated: December 18, 2013

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

/s/ Ellen Slights
Ellen W. Slights

Attorneys for the United States of America, on behalf of the United States Department Health & Human Services and its Centers for Medicare & Medicaid Services

Of Counsel:

William B. Schultz
    General Counsel
James C. Newman
    Chief Counsel, Region III
Jan M. Lundelius
Assistant Regional Counsel
Office of the General Counsel
Department of Health and Human Services

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LABORATORY PARTNERS, INC., et al., ) | Case No. 13-12769 (PJW) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hrg. Date: Adjourned |
| ) | Obj. Deadline: Extended by agreement |
| ) | with Debtors |

## AFFIDAVIT OF SERVICE

I, Cynthia J. Kemske, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on December 18, 2013, a copy of the **UNITED STATES' PROTECTIVE OBJECTION TO DEBTORS' MOTION FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS** was served, as indicated, upon:

Leo T. Crowley, Esquire
Jonathan Russo, Esquire
Margot Erlich, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York New York 10036
**Via Facsimile (212) 858-1500**

Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
**Via Facsimile (302) 573-6497**

Robert J. Dehney, Esquire
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell,
1201 N. Market Street
Box 1347
Wilmington, DE 19899-1347
**Via Facsimile (302) 658-3989**

Mark Catania, Esquire
Duff & Phelps Securities, L.L.C.
10100 Santa Monica Blvd.,
Suite 1100
Los Angeles, CA
**Via Facsimile (424) 270-9141**

William A. Brandt, Jr., Esquire
Development Specialists, Inc.
Three First National Plaza
70 West Madison Street, Suite 2300
Chicago, IL 60602-4250
**Via Facsimile (312) 263-1180**

Mark Collins, Esquire
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
**Via Facsimile (302) 651-7701**

Margaret Manning, Esquire
Klehr Harrison Harvey Branburg, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062
**Via Facsimile (302) 426-9193**

Laboratory Partners, Inc. et al
671 Ohio Pike, Suite K
Cincinnati, OH 45245
**Via U.S. Mail**

Mark Deveno, Esquire
Erin K. Mautner, Esquire
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022
**Via Facsimile (860)240-2800**
**(212) 702-3643**

David M. Posner, Esquire
Otterbourg, P.C.
230 Park Avenue
New York, NY 10169
**Via Facsimile (212) 682-6104**

Chuck Boguslaski, Esquire
Carl Marks Advisory Group, LLC
900 Third Avenue, 33rd Floor
New York, NY 10022
**Via Facsimile (212) 752-9753**

*/s/ Cynthia J. Kemske*
_____
Cynthia J. Kemske