IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Laboratory Partners, Inc., *et al.*,[1] | : | Case No. 13-12769 (PJW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: February 6, 2014 at 11:00 a.m. (ET) |
| | : | Obj. Due: January 29, 2014, 2014 at 4:00 p.m. (ET) |

------------------------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. § 1121(d) EXTENDING THE
EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby move (the "Motion") the Court for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the period during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by sixty (60) days through and including April 23, 2014, and extending the period during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods") through and including June 23, 2014. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Laboratory Partners, Inc. (3376), Kilbourne Medical Laboratories, Inc. (9849), MedLab Ohio, Inc. (9072), Suburban Medical Laboratory, Inc. (0859), Biological Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as MEDLAB. The Debtors' mailing address for notice in these cases is: 671 Ohio Pike, Suite K, Cincinnati, OH 45245.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 1121(d) of the Bankruptcy Code.

## BACKGROUND

3. On October 25, 2013 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On November 7, 2013, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5. The Debtors, headquartered in Cincinnati, Ohio and primarily doing business as MEDLAB, provide clinical diagnostic laboratory services to long-term care facilities, hospitals and physician offices through a network of clinical laboratories.

6. The events leading up to the Petition Date are set forth in the *Declaration of William A. Brandt, Jr. In Support of First Day Relief* (D.I. 2), filed on the Petition Date.

7. The Debtors' primary objective in these cases has been to maximize the value of their estates for the benefit of their creditors and other stakeholders. To that end, since the Petition Date, the Debtors have focused their efforts principally on procuring debtor-in-possession financing, seeking approval of and running a sale process, preparing their

schedules of assets and liabilities and statements of financial affairs, and establishing a claims administration process.

8. In the two and a half months since the Petition Date, the Debtors have made strides in achieving their objective of value maximization. On November 15, 2013, the Court entered an order (the "<u>Bidding Procedures Order</u>") (D.I. 100) approving, *inter alia*, certain bidding procedures for sales of substantially all of the Debtors' assets (the "<u>Sales</u>"). In accordance with the Bidding Procedures Order, the Debtors along with their professionals have undertaken significant efforts to locate and meet with potential purchasers, respond to due diligence requests, and run a thorough sale process.

9. In addition, on December 9, 2013, the Court entered the *Order Pursuant to Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e), (I) Establishing Bar Dates for Filing Proofs of Claim and Administrative Expense Requests and (II) Approving Form and Manner of Notice Thereof* (D.I. 180) (the "<u>Bar Date Order</u>"), which, *inter alia*, established February 3, 2014,[2] as the General Bar Date by which all creditors must file (a) proofs of claim for pre-Petition Date claims and (b) requests for payment of certain administrative expenses.[3]

10. As of the date hereof, the Debtors have served notice of the General Bar Date and appropriate claim forms and request for payment of administrative expense forms pursuant to the Bar Date Order. The Debtors have also published notice of the General Bar Date in the national edition of the New York Times.

---

[2] The Bar Date Order set the General Bar Date as thirty days after the Service Date (as defined in the Bar Date Order). The Service Date occurred on January 3, 2014 and the General Bar Date is therefore February 3, 2014.

[3] As set forth in the Bar Date Order, the General Bar Date for governmental units (as such term is defined in section 101(27) of the Bankruptcy Code) is April 23, 2014, at 4:00 p.m. (CT).

11. Due to the timing of these events, the Debtors are continuing to develop a strategy for the future of these cases. Consequently, the Debtors seek an extension of the Exclusive Periods to allow the Debtors to continue advancing their sale process and these cases before finalizing the strategy for the future of these cases.

## RELIEF REQUESTED

12. Absent the relief requested herein, the Exclusive Periods will terminate on February 24, 2014 and April 23, 2014, respectively. By this Motion, the Debtors seek the entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending (a) the Exclusive Filing Period through and including April 23, 2014, and (b) the Exclusive Solicitation Period through and including June 23, 2014, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

## BASIS FOR RELIEF REQUESTED

13. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor proposes and files a plan within the initial 120-day exclusive period, the debtor then has until 180 days after the commencement of the chapter 11 case to solicit and obtain acceptances of such plan. Pursuant to section 1121(d)(1) of the Bankruptcy Code, "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Such extensions are capped, however, by section 1121(d)(2) of the Bankruptcy Code, which limits any extension of the exclusive filing period to eighteen (18) months after the petition date and any extension of the solicitation period to twenty (20) months after the petition date.

14. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987); *In re Public Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility."). To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., McLean*, 87 B.R. at 833-34; *In re Texaco, Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

15. The decision to extend a debtor's exclusive periods is committed to the bankruptcy court's sound discretion, guided by the facts and circumstances of each case. *See, e.g., First Am. Bank of N.Y. v. S.W. Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986). Courts consider a variety of factors in determining whether "cause" exists to warrant an extension of the exclusive periods, including: (a) the size and complexity of the case, (b) the debtor's progress in resolving issues facing the estate and (c) whether an extension of time will harm the debtor's creditors. *See, e.g., In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989 (listing above-referenced factors); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing *In re Express One International, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)). The existence of good faith progress and the need for additional time to continue such progress is a particularly significant factor in establishing cause for extending the exclusive periods under section 1121(d) of the Bankruptcy Code. *See Express One Int'l, Inc.*, 194 B.R. at 101; *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986).

16. For the reasons set forth herein, "cause" exists to extend the Exclusive Periods in these chapter 11 cases.

17. The Debtors' proposed extension of the Exclusivity Periods will add certainty and stability as the Debtors continue working towards a sale of the Debtors' assets. To date, the Debtors have focused their efforts on transitioning into bankruptcy and pursuing the sale process, as necessitated by the circumstances of these cases. In addition, the Debtors and their professionals have spent a considerable amount of time during the early stages of these cases addressing numerous issues involving employees, suppliers, utility providers, landlords and governmental agencies.

18. Notwithstanding the foregoing, the Debtors have made progress in these chapter 11 cases to date. Notably, since the Petition Date, the Debtors have, among other things: (a) obtained debtor-in-possession financing, (b) commenced the process to sell substantially all of their assets, (c) prepared and filed schedules and statements for each of the Debtors, (d) established and noticed many creditors and other parties in interest of the General Bar Date, and (e) continued to provide laboratory services without interruption thereby preserving going concern value.

19. As a result of focusing on these issues, the Debtors have not yet analyzed in significant detail all issues related to a potential plan filing. The extension request is reasonable, and is consistent with the efficient prosecution of the chapter 11 cases in that it will provide the Debtors with necessary time to consider such issues and, if appropriate, draft, negotiate and file a plan, and solicit acceptances thereof. Although the Debtors are hopeful that a plan could be filed and solicited prior to the expiration of the current Exclusive Periods, there is presently no certainty that this will occur. Consequently, the relief requested herein is necessary.

20. The extension of the Exclusive Periods will also give the Debtors additional time to collect and review information regarding the claims filed against them. While the General Bar Date has been established, it will only be after both the General Bar Date has passed that the Debtors will be in a position to fully evaluate the universe of claims against them. Such information will aid in the plan process.

21. The Debtors intend to use the extended Exclusive Periods to: (a) complete the Sales; (b) strategize regarding the potential wind down of the Debtors' remaining operations; (c) proceed with the claims administration process; and (d) develop an appropriate strategy for the future of these cases. As such, the Debtors submit that creditors will not be prejudiced by an extension of the Exclusive Periods.

22. Moreover, the Debtors' requested extension of the Exclusive Periods does not exceed the eighteen (18) month limitation for the exclusive period to file a plan or the twenty (20) month limitation for the exclusive period to solicit acceptances of a plan. Rather, the Debtors' requested extension is substantially less than these limitations. Based upon the foregoing, the Debtors submit that cause exists to extend the Exclusive Filing Period through and including April 23, 2014 and the Exclusive Solicitation Period through and including June 23, 2014.

## **NOTICE**

23. Notice of this Motion has been provided to (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the Debtors' secured lender; and (d) those parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

24. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request the entry of an Order of the Court, in substantially the form attached hereto as **Exhibit A**, authorizing the extension of the Exclusive Periods and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 15, 2014<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Erin R. Fay*<br>Robert J. Dehney (No. 3578)<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Erin R. Fay (No. 5268)<br>1201 N. Market Street<br>PO Box 1347<br>Wilmington, DE  19899-1347<br>Telephone:  302-658-9200<br>Facsimile:  302-658-3989<br><br>-and-<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>Leo T. Crowley<br>Jonathan J. Russo<br>Margot Erlich<br>1540 Broadway<br>New York, New York 10036<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br><br>*Counsel to Debtors and Debtors in Possession* |

7905742.2