## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
In re                                      :      Chapter 11
                                           :
Laboratory Partners, Inc., et al.,[1]      :      Case No. 13-12769 (PJW)
                                           :
                        Debtors.           :      (Jointly Administered)
                                           :
                                           :      Hearing Date: As directed by the Court
                                           :      Objections Due: As directed by the Court
-----------------------------------------------------x
```

## DEBTORS' MOTION FOR ORDER APPROVING PROPOSED BID PROTECTIONS FOR TALON STALKING HORSE BIDDER

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion"), pursuant to sections 105(a), 363, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order approving, among other things, the proposed bid protections for Laboratory Corporation of America Holdings ("LabCorp") as the Stalking Horse Bidder for the Debtors' Talon Division (defined hereinafter). In support of the Motion, the Debtors rely upon and incorporate by reference the Debtors' Motion for Orders: (A)(I) Approving Bidding Procedures in Connection with Sale(s) of Substantially All of the Debtors' Assets; (II) Scheduling Hearings to Consider Sales;

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Laboratory Partners, Inc. (3376), Kilbourne Medical Laboratories, Inc. (9849), MedLab Ohio, Inc. (9072), Suburban Medical Laboratory, Inc. (0859), Biological Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as Medlab. The Debtors' mailing address for notice in these cases is: 671 Ohio Pike, Suite K, Cincinnati, OH 45245.

(III) Approving Form and Manner of Notice Thereof; and (IV) Authorizing Entry into Stalking Horse Agreements Subject to Further Hearing; (B)(I) Authorizing and Approving Sales of Assets Free and Clear of Liens, Claims, Encumbrance, and Interests; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (see D.I. 46) (the "Bidding Procedures Motion") and the order approving the Bidding Procedures Motion (see D.I. 100) (the "Bidding Procedures Order").[2]  In further support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 363, and 503 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004 and 9014 and Local Rule 6004-1.

## RELEVANT BACKGROUND

2.    On October 25, 2013 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On the Petition Date, the Debtors filed a motion seeking interim and final orders authorizing the Debtors to enter into a debtor in possession credit agreement and use cash collateral, among other relief.  On October 29, 2013, this Court entered an Order granting this relief on an interim basis (see D.I. 34) (the "Interim DIP Order") and on November 26, 2013, the Court entered an Order granting this relief on a final basis (see D.I. 153) (the "Final DIP Order" and, together with the Interim DIP Order, the "DIP Orders").

---

[2]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

501288980v3

3.      On November 7, 2013, an Official Committee of Unsecured Creditors (the "Committee") was appointed in these cases.  See D.I. 80.  No trustee or examiner has been appointed in these cases.  The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      On November 15, 2013, this Court entered the Bidding Procedures Order which, among other things and with the reasonable consent of the DIP Lender, Prepetition Lenders, and the Committee, (i) authorizes the Debtors to enter into a stalking horse agreement with a bidder that submits a Qualified Bid with respect to a Purchased Asset, and (ii) provides that the stalking horse agreement may contain customary terms and conditions providing the stalking horse bidder with reasonable expense reimbursement, overbid protections, break-up fees or other bid protections (collectively, the "Bid Protections").  Bidding Procedures Order, ¶ 27. Such stalking horse agreement is required to be subject to higher and better offers at the applicable Auction.

5.      The Bidding Procedures Order also provides that if the Debtors enter into a Stalking Horse Agreement, the agreement shall be placed on the Court's docket and the Court shall conduct a hearing on a date that is two (2) or more business days thereafter to consider approval of any proposed Bid Protections.  The hearing to consider proposed Bid Protections may be adjourned or rescheduled without notice other than as stated on the record in Court or in an appropriate agenda letter.  Id. ¶ 28.

6.      As described in the Bidding Procedures Motion, Laboratory Partners, Inc. through its subsidiaries, provides clinical laboratory and anatomic pathology services to (i) physicians, physician offices and medical groups (the "PO Division") in Indiana and Illinois, and (ii) Union Hospital, Inc. in Terre Haute and Clinton, Indiana (the "UH Division" and, together with the PO Division, the "Talon Division").

7.    As authorized under the Bidding Procedures Order, the Debtors have entered into an asset purchase agreement on or about the same date as this motion with LabCorp for the purchase of certain assets within the Talon Division (the "Talon Stalking Horse Agreement" or "Asset Purchase Agreement").[3]  Contemporaneously herewith, the Debtors are filing the Talon Stalking Horse Agreement under notice.

8.    LabCorp, in making this offer, proceeded in reliance on promises by the Debtors to seek the Court's approval of (a) a break-up fee in the amount of $300,000.00 (the "Break-Up Fee") paid from the proceeds of the sale to the Successful Bidder, if the Successful Bidder is not LabCorp; (b) a minimum initial overbid increment of the Break-Up Fee plus an additional one hundred thousand dollars ($100,000.00) over the Purchase Price (as defined in the Talon Stalking Horse Agreement); (c) a minimum subsequent bid increment of fifty thousand dollars ($50,000.00), which may be waived by LabCorp at any time in its sole discretion; (d) a requirement that LabCorp and its legal counsel promptly receive copies of any potential qualifying competing bids following the time the Debtors receive notice of such bids as required by the Bidding Procedures Order and (e) a requirement that any potential bidder agrees, as part of its bid submission, to be a backup bidder according to the terms of the Bidding Procedures Order (collectively, the provisions listed in sections (a) through (e) of this paragraph, the "Talon Bid Protections").  See § 7.2, Talon Stalking Horse Agreement.

9.    The Debtors and LabCorp executed the Talon Stalking Horse Agreement after extensive arm's length negotiations.  The Debtors, in the exercise of their business judgment,

---

[3]    Importantly, the Talon Stalking Horse Agreement excludes certain of the Debtors' assets, including, without limitation, the business of providing nuclear medicine to Union Hospital, Inc. and clinical laboratory and anatomic pathology services to skilled nursing and long-term care facilities other than in the counties of Greene, Parke, Vermillion and Vigo in the State of Indiana and the counties of Clark, Edgar and Vermillion in the State of Illinois.

believe that the Talon Bid Protections are a necessary inducement for LabCorp.  By establishing

a minimum acceptable bid, the Talon Stalking Horse Agreement and Bidding Procedures

promote competitive bidding and allow the Debtors to maximize the value received through the

sale of substantially all of the Debtors' Talon Division assets.

## PROVISIONS TO BE HIGHLIGHTED UNDER LOCAL RULE 6004-1

10.    In accordance with Local Rule 6004-1, the Debtors respectfully highlight  the

following provisions of the Talon Stalking Horse Agreement:

>    (a)    Break-Up Fee:  The Talon Bid Protections provide for payment of a Break-Up Fee of $300,000.00.  The Break-Up Fee shall be payable to LabCorp in immediately available funds directly from the proceeds received upon the consummation of a transaction relating to the Talon Division with the applicable successful bidder and without further order of the United States Bankruptcy Court for the District of Delaware.

>    (b) Bidding Increments:  The Talon Bid Protections provide for (a) an Initial Overbid Increment of the Break-Up Fee plus an additional one hundred thousand dollars over the Purchase Price, and (b) a Subsequent Bid Increment of fifty thousand dollars ($50,000.00) which may be waived by LabCorp at any time in its sole discretion.

See § 7.2, Talon Stalking Horse Agreement.

## SUMMARY OF RELIEF REQUESTED

11.    By this Motion, the Debtors request entry of an order substantially in the form

attached as Exhibit A to this Motion authorizing and approving the Talon Bid Protections and

granting related relief.  The relief requested pursuant to this Motion shall not affect the Bidding

Procedures, other than as set forth herein.

## BASIS FOR RELIEF REQUESTED

12.    The Bidding Procedures Motion provides a thorough discussion of the standard

courts have employed to determine the appropriateness of bid protections in similar

501288980v3

circumstances.  See Bidding Procedures Motion, ¶¶ 59-69.  The Debtors hereby rely on and incorporate by reference herein such discussion in the Bidding Procedures Motion.

13.    The Debtors believe that the Talon Bid Protections satisfy the standard set out by Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.), 181 F.3d 527 (3d Cir. 1999).  As noted by O'Brien as an important factor in determining the appropriateness of proposed bid protections and as required by the Bidding Procedures Order, the Talon Bid Protections are supported by the Committee as well as the Prepetition Lenders and the DIP Lender, the principal secured lenders in these chapter 11 cases.  Further, by establishing a minimum acceptable bid, the Talon Stalking Horse Agreement and Bidding Procedures promote competitive bidding and allow the Debtors to maximize the value received through the sale of substantially all of the Debtors' Talon Division assets.

14.    The Debtors negotiated the Talon Bid Protections in good faith and on an arm's-length basis, as demonstrated by the fact that the Talon Bid Protections are supported by the DIP Lender, Prepetition Lenders and the Committee.  The Break-Up Fee proposed herein is approximately three percent of the aggregate purchase price under the Talon Stalking Horse Agreement.  The aggregate amount of the Talon Bid Protections is reasonable and appropriate in light of the size and nature of the transaction and the efforts that have been and will be expended by LabCorp as a stalking horse bidder.  Moreover, the Talon Bid Protections were necessary to secure LabCorp's commitment under the Talon Stalking Horse Agreement.

15.    The Debtors submit that authorization of the Talon Bid Protections are fair and reasonable in light of the circumstances and will not chill the bidding for the Talon Division.  Further, payment of the Talon Bid Protections is not likely to diminish the Debtors' estates.  The Debtors will incur the obligation to pay the Talon Bid Protections only if they receive from a

third party a higher or better offer on the Talon Division, and that offer is subsequently approved by Court and closes.

16.     Finally, as noted in the Bidding Procedures Motion, after considering the reasonableness of bidding incentives, courts have approved a range of break-up fees and other bid protections as being appropriate under the facts and circumstances of the case.  In re Universal Building Products, Inc., Case No. 10-12453 (Bankr. D. Del. Aug. 27, 2010) (approving $400,000 break-up fee and expense reimbursement up to $850,000 on purchase price of $25,000,000); In re Nortel Networks Inc., Case No. 09-10138 (Bankr. D. Del. Feb. 27, 2009) (approving $650,000 break-up fee and expense reimbursement of $400,000 (i.e., 5.9% in the aggregate) on proposed purchase price of $17,650,000); In re Gallery Corp., Case No. 07-11628 (Bankr. D. Del. Nov. 29, 2007) (approving 3% break-up fee and expense reimbursement up to $100,000 on a sale with a proposed purchase price of $7,100,000); In re Radnor Holdings, Case No. 06-10894 (Bankr. D. Del. September 22, 2006) (aggregate fee and expense reimbursement of 3% permitted).  The Debtors believe that the Talon Bid Protections are customary and reasonable in light of the circumstances of these chapter 11 cases and similar bid protections approved by this Court and others.

## NOTICE

17.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) all parties that have objected to the Bidding Procedures Motion; (c) counsel to the DIP Lender and the Prepetition Lenders; (d) the Internal Revenue Service; (e) all entities (or counsel therefor) known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any portion of the Purchased Assets; (f) all parties that have requested, prior to the date hereof, or that are required to receive

7

notice pursuant to Bankruptcy Rule 2002; (g) counsel to the Committee; and (h) all Potential

Bidders.  The Debtors submit that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request: (a) entry of the proposed order

approving the Talon Bid Protections, substantially in the form attached hereto as Exhibit A; and

(b) such other and further relief as the Court deems just and proper.

Dated: January 28, 2014          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
       Wilmington, Delaware

                                       */s/ Erin R. Fay*
                                       Robert J. Dehney (No. 3578)
                                       Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Erin R. Fay (No. 5268)
1201 N. Market St., 16th Flr.
PO Box 1347
Wilmington, DE  19899-1347
Telephone:  302-658-9200
Facsimile:  302-658-3989

-and-

PILLSBURY WINTHROP SHAW PITTMAN LLP
Leo T. Crowley
Jonathan J. Russo
Margot Erlich
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Counsel to Debtors*
*and Debtors in Possession*