IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                    :    Chapter 11
                                         :
Laboratory Partners, Inc., et al.,[1]    :    Case No. 13-13-12769 (PJW)
                                         :
            Debtors.                     :    (Jointly Administered)
                                         :    **Re: D.I. 46 100, 282 and 283**
---------------------------------------------------x

## ORDER APPROVING BID PROTECTIONS
## FOR TALON STALKING HORSE AGREEMENT

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 363 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order approving certain bid protections in connection with the Talon Stalking Horse Agreement and granting related relief; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion,

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Laboratory Partners, Inc. (3376), Kilbourne Medical Laboratories, Inc. (9849), MedLab Ohio, Inc. (9072), Suburban Medical Laboratory, Inc. (0859), Biological Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as MEDLAB. The Debtors' mailing address for notice in these cases is: 671 Ohio Pike, Suite K, Cincinnati, OH 45245.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures Order, as the case may be.

and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

D. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

E. Debtors have demonstrated a compelling and sound business justification to enter into the Talon Stalking Horse Agreement, dated as of January 27, 2014, with Laboratory Corporation of America Holdings ("LabCorp") to establish a minimum bidding price for certain assets related to the Talon Division.

F. The Debtors have articulated good and sufficient business reasons for this Court to approve the Talon Bid Protections.

G. Entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent herein.

2. All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. LabCorp shall constitute a Qualified Bidder for all purposes and in all respects with regard to the Auction, the Bidding Procedures Order, and the overall Bidding Process.

4. Entry of this Order shall not affect the Bidding Procedures, unless explicitly stated herein.

5. The following bid protections (collectively, the "Talon Bid Protections"), which are set forth in Section 7.2 of the Talon Stalking Horse Agreement, are hereby approved:

    (a) the break-up fee in the amount of $300,000.00 (the "Break-Up Fee") payable upon the approval and closing of a sale of the Talon Division to a Successful Purchaser that is not LabCorp from the proceeds of such transaction;

    (b) a minimum initial overbid increment of the Break-Up Fee plus an additional one hundred thousand dollars ($100,000.00) over the Purchase Price;

    (c) a minimum subsequent bid increment of fifty thousand dollars ($50,000.00), which may be waived by LabCorp at any time in its sole discretion;

    (d) a requirement that LabCorp and its legal counsel promptly receive copies via email of any potential qualifying competing bids for the Talon Division within 24 hours following the time the Debtors receive notice of such bids as required by the Bidding Procedures Order; and

    (e) a requirement that any potential bidder agrees, as part of its bid submission, to be a backup bidder according to the terms of the Bidding Procedures Order.

6. The Talon Bid Protections are a reasonable inducement for LabCorp's offer to purchase the Talon Division on the terms set forth in the Talon Stalking Horse Agreement and compensation for the risks and costs incurred by the Stalking Horse Bidder.

7. The Debtors will serve a copy of this Order, within three (3) business days following entry of this Order, by first-class mail, postage prepaid, on the following parties: (a) any party who received notice of the Bidding Procedures Motion, (b) all parties on the Debtors' 2002 notice list, and (c) all Potential Bidders.

8. Notwithstanding Bankruptcy Rule 2002(a)(2), the notice proposed herein is sufficient and appropriate.

9. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the relief provided for herein.

Dated: February 4, 2014
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE