IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LABORATORY PARTNERS, INC., et al., ) | Case No. 13-12769 (PJW) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hearing Date: February 13, 2014, at 2:00 p.m. |
| ) | Objection Deadline: February 6, 2014, |
| ) | at 4:00 p.m. |
| ) | Related to D.I. 46, 100 and 282 |

## UNITED STATES' OBJECTION TO DEBTORS' MOTION FOR SALE OF CERTAIN OF THE DEBTORS' ASSETS (TALON SALE)

The United States, on behalf of its Secretary of Health and Human Services ("the Secretary"), respectfully files this Objection to Debtors' Motion for Order Authorizing and Approving (A) the Sale of Certain Assets of the Debtors Free and Clear of All Claims, Liens, Liabilities, Rights, Interests and Encumbrances to Laboratory Corporation of America Holdings Pursuant to 11 U.S.C. 363; (B) The Debtors' Entry into and Performance of their Obligations Under the Asset Purchase Agreement and Ancillary Agreements; (C) The Debtors' Assumption and Assignment of Certain Specified Executory Contracts and Leases Pursuant to 11 U.S.C. Section 365: and (D) Related Relief ("Sale Motion"). D.I. 46 and 282. In support of her objection, the Secretary avers as follows:

## BACKGROUND

The Sale Motion provides that the Debtors will be not be assuming or assigning any agreements with the Secretary.[1] However, the Debtors are proposing a potentially unauthorized sale of lists of their customers' protected health information that violates federal law. Exhibit B, attached to the Sale Motion is the Long-Term Care Division Asset Purchase Agreement ("APA"), in Article I, Section 1.1(f) specifically includes as assets to be sold:

> [A]ll **customer lists**, machinery and equipment records, mailing lists, quality control records and procedures, employment and personnel records (to the extent related to Business Employees actually employed by Purchaser and permitted to be transferred by applicable Law) and display materials, each to the extent used primarily in the Business.

*Id.*, emphasis added.

Several of the Debtors who are parties to the Talon Asset Purchase Agreement (D.I. 282) are covered entities under the Health Information Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320, et seq., because they are health care providers that billed Medicare electronically. *See* 45 C.F.R. § 160.103 (definition of covered entity). As covered entities, the Debtors must comply with the requirements of HIPAA. HIPAA regulations provide that covered entities who seek to sell their customers' protected health information can only do so with their customers' authorization:

> **Authorization Required: Sale of protected health information.**
> (i) Notwithstanding any provision of this subpart, other than the transition provisions in § 164.532, a covered entity must obtain an authorization for any

---

[1] CMS will not make payments to a prospective supplier unless it is enrolled in Medicare. *See* 42 C.F.R. §§ 424.500-470. CMS Enrollment Agreements, like those held by the Debtors, are not assignable. CMS regulations state "A provider or supplier is prohibited from selling its Medicare billing number or privileges to any individual or entity, or allowing another individual or entity to use its Medicare billing number." 42 C.F.R. § 424.550(a).

disclosure of protected health information which is a sale of protected health information, as defined in § 164.501 of this subpart. (ii) Such authorization must state that the disclosure will result in remuneration to the covered entity.

45 C.F.R. §164.508(a)(4).

Protected health information is any "individually identifiable health information" held or transmitted by a covered entity in any form or media, whether electronic, paper, or oral. 45 C.F.R §§ 160.103, 164.501. Individually identifiable health information is a subset of health information, including demographic information collected from an individual, and:

> (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
> (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and
>     (i) That identifies the individual; or
>     (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

45 C.F.R. § 160.103. Individually identifiable health information includes many common identifiers such as name, address, birth date, and Social Security Number. *See U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 241 (3rd Cir. 2013); 65 F.R. 82493.

## ARGUMENT

1. Paragraph 1.4(q) of the Talon Asset Purchase Agreement indicates that the Debtors do not intend to assume or assign any agreements with the Secretary. Pursuant to federal non-bankruptcy law, the Secretary's agreements with the Debtors are generally not assignable. The Secretary is concerned, however, with the language in paragraph 11 of the proposed order approving the Sale Motion ("Order") which provides in pertinent part "[T]o the greatest extent available under applicable law, Purchaser shall be authorized, as of the Closing

Date, to operate under any license, permit, registration and any governmental authorization or approval with respect to the Purchased Assets and Assigned Contracts pursuant to the terms of the Purchase Agreement."

The Debtors must comply with their obligations under Medicare laws and regulations. Section 363 of the Bankruptcy Code, 11 U.S.C. § 363, upon which the Debtors' sale documents primarily rely, does not preempt non-bankruptcy law. To the contrary, various authorities subject the Debtors to non-bankruptcy regulation. See, e.g., 11 U.S.C. § 362(b)(4); 28 U.S.C. § 959(b). The Secretary objects to the Sale Motion to the extent that the Purchaser seeks to operate under the auspices of any of the Debtors' agreements with Secretary because such agreements cannot be assigned or otherwise transferred in bankruptcy except with government consent and in compliance with non-bankruptcy law. See e.g., LaRose v. FCC, 494 F.2d 1145, 1148 (D.C. Cir. 1974) (bankruptcy court's approval of license transfer was subject to FCC independently applying separate public interest standards for approvals under the Communications Act); In re West Electronics, Inc., 852 F.2d 79, 83 (3d Cir. 1988); Anti-Assignment Act, 41 U.S.C. Section 15.

2. The Sale Motion incorporates Exhibit A, paragraph 12 of the Talon Asset Purchase Agreement which provides in pertinent part:

> Relationship of Parties. The relationship between Purchaser and Sellers is that of independent contractors and nothing herein shall be deemed to constitute the relationship of partners, joint venturers, nor of principal and agent between Purchaser and Sellers. Notwithstanding the foregoing, following the Closing Date, Sellers shall submit the Form CMS- 855B to Medicare . . . designating Purchaser as the Sellers' Billing Agent for the limited purpose of preparing and submitting claims to Medicare and Medicaid and collecting the Medicare and Medicaid accounts receivables on behalf of Sellers. Neither party shall have any express or implied right or authority to assume or create any obligations on behalf of or in the name of the other party or to bind the other party to any contract, agreement or undertaking with any third party.

The Secretary objects to this provision to the extent it violates the provisions of 42 C.F.R § 424.73. This federal regulation states:

§424.73  Prohibition of assignment of claims by providers.

(a) Basic prohibition. Except as specified in paragraph (b) of this section, Medicare does not pay amounts that are due a provider to any other person under assignment, or power of attorney, or any other direct payment arrangement.

(b) Exceptions to the prohibition-

(1) Payment to a government agency or entity. Subject to the requirements of the Assignment of Claims Act (31 U.S.C. 3727), Medicare may pay a government agency or entity under an assignment by the provider.

(2) Payment under assignment established by court order. Medicare may pay under an assignment established by, or in accordance with, the order of a court of competent jurisdiction if the assignment meets the conditions set forth in §424.90.

(3) Payment to an agent. Medicare may pay an agent who furnishes billing and collection services to the provider if the following conditions are met:

(i) The agent receives the payment under an agency agreement with the provider;

(ii) The agent's compensation is not related in any way to the dollar amounts billed or collected;

(iii) The agent's compensation is not dependent upon the actual collection of payment;

(iv) The agent acts under payment disposition instructions that the provider may modify or revoke at any time; and

(v) The agent, in receiving the payment, acts only on behalf of the provider.

Payment to an agent will always be made in the name of the provider

3. Paragraph 35 of the Order states:

Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and

appropriate to consummate the transactions contemplated by the Purchase Agreement without charge or tax to the Debtors or Purchaser.

The Secretary objects to paragraph 12 of the Talon Asset Purchase Agreement to the extent it fails to comply with federal law.

4. The Secretary objects to the Sale Motion to the extent the Debtors are selling customer lists to a non-covered entity. The Debtors have not provided any details about the customer lists but "all customer lists" are being sold. To the extent the customer lists contain any individually identifiable health information, Debtors' have not demonstrated that each affected customer has authorized a sale of protected health information, and discloses that the Debtor will receive remuneration for that sale. 45 C.F.R. § 164.508(a)(4). The Debtors' "customer lists" almost certainly contain protected health information whose sale is restricted under HIPAA. *Romagosa v. Thomas*, No. 6:06-CV-301-ORL-19JGG, 2006 WL 2085461 at *6 (M.D. Fla. July 25, 2006) ("[A] sale of the [a] patient list to generate income … may be restricted under federal privacy laws such as HIPAA."); *see In re Hall*, No. 09-10084-B-7, 2010 WL 9485834 at *4 (Bankr. E.D. Cal. Sept. 30, 2010); *see also Q2Administrators, LLC*, 728 F.3d at 241 (Protected health information is "individually identifiable health information" and "includes facts such as names, addresses, dates, contact information…and the like.") (citations omitted). Debtors have provided no evidence of receiving such qualifying authorizations from its customers.[2]

5. Counsel for the United States has advised Debtors' counsel that, if the Purchaser is a "covered entity" under HIPAA, the sale of the Acquired Assets would not necessarily require

---

[2] While it is true that health care providers may, under limited circumstances, disclose health information for "[t]reatment" or "health care operations," *see* 45 C.F.R. § 164.506(c), the actions contemplated by the Sale Motion have not been shown to qualify as either "[t]reatment" or "health care operations" under applicable law.

the authorization of the beneficiaries as it would be considered a disclosure for the purposes of health care operations. 45 C.F.R. § 164.501. The Secretary objects to paragraph 27 of the Order to the extent that the Debtors seek a Court order deeming the Purchaser a "covered entity". The Purchaser should be a covered entity only to the extent that the Purchaser meets the standards required by applicable non-bankruptcy law.

6. The Secretary objects to the Sale Motion to the extent it affects the setoff and recoupment rights of the United States.

7. The Secretary objects to the Sale Motion to the extent the Secretary is precluded from asserting and recovering pre-petition and post-petition Medicare overpayments and other amounts due and owing to the Secretary.

8. The Secretary objects to the Form of HIPAA Business Associate Addendum attached to the Talon Asset Purchase Agreement to the extent it does not comply with federal non-bankruptcy law.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that the Debtors' Sale Motion be denied.

Dated: February 6, 2014

                                               CHARLES M. OBERLY, III
                                               United States Attorney

                                             /s/ Ellen Slights
                                             Ellen W. Slights
                                             Delaware Bar # 2782

                                             Attorneys for the United States of America,
                                             on behalf of the United States Department
                                             Health & Human Services and its Centers
                                             for Medicare & Medicaid Services

Of Counsel:

William B. Schultz
      General Counsel
James C. Newman
      Chief Counsel, Region III
Jan M. Lundelius
Assistant Regional Counsel
Office of the General Counsel
Department of Health and Human Services

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| LABORATORY PARTNERS, INC., et al., | Case No. 13-12769 (PJW)<br>(Jointly Administered) |
| Debtors. | Hearing Date: February 13, 2014, at 2:00 p.m.<br>Objection Deadline: February 6, 2014,<br>at 4:00 p.m.<br>Related to D.I. 46, 100 and 282 |

## AFFIDAVIT OF SERVICE

I, Cynthia J. Kemske, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on February 6, 2014 a copy of the **UNITED STATES' OBJECTION TO DEBTORS' MOTION FOR SALE OF CERTAIN OF THE DEBTORS' ASSETS (TALON SALE)** was served, as indicated, upon:

Leo T. Crowley, Esquire
Jonathan Russo, Esquire
Margot Erlich, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York New York  10036
**Via Facsimile (212) 858-1500**

Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
**Via Facsimile (302) 573-6497**

Robert J. Dehney, Esquire
Derek C. Abbott, Esquire
Morris, Nichols, Arsht & Tunnell,
1201 N. Market Street
Box 1347
Wilmington, DE  19899-1347
**Via Facsimile (302) 658-3989**

Mark Catania, Esquire
Duff & Phelps Securities, L.L.C.
10100 Santa Monica Blvd.,
Suite 1100
Los Angeles, CA
**Via Facsimile (424) 270-9141**

1

| | |
|---|---|
| William A. Brandt, Jr., Esquire<br>Development Specialists, Inc.<br>Three First National Plaza<br>70 West Madison Street, Suite 2300<br>Chicago, IL 60602-4250<br>**Via Facsimile (312) 263-1180** | Mark Deveno, Esquire<br>Erin K. Mautner, Esquire<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY 10022<br>**Via Facsimile (860)240-2800**<br>**(212) 702-3643** |
| Mark Collins, Esquire<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>Wilmington, DE 19801<br>**Via Facsimile (302) 651-7701** | David M. Posner, Esquire<br>Otterbourg, P.C.<br>230 Park Avenue<br>New York, NY 10169<br>**Via Facsimile (212) 682-6104** |
| Margaret Manning, Esquire<br>Klehr Harrison Harvey Branburg, LLP<br>919 Market Street, Suite 1000<br>Wilmington, DE 19801-3062<br>**Via Facsimile (302) 426-9193** | Chuck Boguslaski, Esquire<br>Carl Marks Advisory Group, LLC<br>900 Third Avenue, 33rd Floor<br>New York, NY 10022<br>**Via Facsimile (212) 752-9753** |
| Laboratory Partners, Inc. et al<br>671 Ohio Pike, Suite K<br>Cincinnati, OH 45245<br>**Via U.S. Mail** | |

/s/ *Cynthia J. Kemske*
_____
Cynthia J. Kemske