IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x
In re                                          :    Chapter 11
                                               :
Laboratory Partners, Inc., et al.,[1]          :    Case No. 13-12769 (PJW)
                                               :
            Debtors.                           :    (Jointly Administered)
                                               :
-------------------------------------------------x    Re: D.I. 486 and ___512___

ORDER (A) APPROVING DISCLOSURE STATEMENT, (B) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT CHAPTER 11 PLAN, (C) APPROVING THE FORM OF BALLOT AND
SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE,
(E) SCHEDULING A CONFIRMATION HEARING AND SETTING THE DEADLINE
FOR FILING OBJECTIONS THERETO, AND (F) APPROVING
<u>RELATED NOTICE PROCEDURES</u>

Upon consideration of the *Debtors' Motion For The Entry Of: (I) An Order
(A) Scheduling Hearing On Disclosure Statement And (B) Limiting And Shortening The Notice
Thereof, And (II) An Order (A) Approving Disclosure Statement, (B) Establishing Procedures
For Solicitation And Tabulation Of Votes To Accept Or Reject Chapter 11 Plan, (C) Approving
Form Of Ballot And Solicitation Materials, (D) Approving Procedures And Notice Related To
Executory Contracts And Unexpired Leases, (E) Establishing Voting Record Date,
(F) Scheduling A Confirmation Hearing And Setting A Deadline For Filing Objections Thereto,*

---

[1]    The Debtors and the last four digits of their taxpayer identification numbers are as
follows: Laboratory Partners, Inc. (3376), Kilbourne Medical Laboratories, Inc. (9849),
MedLab Ohio, Inc. (9072), Suburban Medical Laboratory, Inc. (0859), Biological
Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and
Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as
Medlab. The Debtors' mailing address for notice in these cases is: 671 Ohio Pike,
Suite K, Cincinnati, OH 45245.

*And (G) Approving Related Notice Procedures* (the "Motion");[2] and upon consideration of the Motion and all pleadings related thereto, including the statements of counsel made at the Disclosure Statement Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein;

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2).

C.      Notice of the Motion and the Disclosure Statement Hearing, made in the manner described in the Motion and as approved by this Court in the Scheduling Order, was sufficient and proper under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D.      The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors, their respective estates and creditors.

E.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and the solicitation of acceptances or rejections of the Plan by the use of the Disclosure Statement shall be deemed to be in good faith within the meaning of section 1125(e) of the Bankruptcy Code.

F.      The form of ballot attached to the Motion as **Exhibit E** (the "Ballot"): (i) is consistent with Official Form No. 14, (ii) adequately addresses the particular needs of these

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

chapter 11 cases, (iii) is appropriate for the Voting Class, and (iv) complies with Bankruptcy Rule 3017(d).

      G.     Ballots need not be provided to holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either Unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or are Impaired but will neither retain nor receive any property under the Plan and are thus conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class II: Capital Lease Claims | Unimpaired, Not Entitled to Vote | Each Holder of an Allowed Capital Lease Claim shall receive in full and final satisfaction, settlement, release and discharge of and in exchange for such Claim, (a) such treatment as the Reorganized Debtors or the LPI Plan Trustee and the Holder agree, or (b) at the Reorganized Debtors' or the LPI Plan Trustee's option, (i) assumption of the applicable Capital Lease and assignment of same to a purchaser subject to all of the existing terms of the applicable Capital Lease, or (ii) abandoning the property subject to the Capital Lease to the Capital Lessor, with such Lessor retaining all of its legal, equitable and contractual rights, or (iii) paying the Allowed Capital Lease Claim in cash in full; provided, however, that unless otherwise agreed to by the Holder of such Claim and the Debtors, the Reorganized Debtors or the LPI PlanTrustee, any Holder of an Allowed Capital Lease Claim shall be entitled to a Deficiency Claim for any portion of their Claim over the value of the collateral securing such claim. There will not be any distribution on account of such Deficiency Claim. |
|---|---|---|

| Class III: Secured Tax Claims | Unimpaired, Not Entitled to Vote | Subject to the terms of the Plan and unless the Holder of an Allowed Secured Tax Claim agrees to other, less-favorable treatment, each Holder of an Allowed Secured Tax Claim shall receive, on the Effective Date, in full and final satisfaction, settlement, release and discharge of and in exchange for such Claim, either, at the Reorganized Debtors' or the LPI Plan Trustee's sole option, (i) 100% of the unpaid amount of such Allowed Secured Tax Claim in Cash or (ii) the collateral securing such Allowed Secured Tax Claim. |
|---|---|---|
| Class IV: Other Secured Claims | Unimpaired, Not Entitled to Vote | Subject to the provisions of sections 502(b)(3) and 506(d) of the Bankruptcy Code and the Plan, each holder of an Allowed Other Secured Claim shall receive, in full and final satisfaction, settlement, release and discharge of and in exchange for such Claim, either (a) such treatment as the Debtors or the LPI Plan Trustee and the Holder of an Allowed Other Secured Claim agree, or (b) at the Debtors' or the LPI Plan Trustee's option: (i) payment of such Claim in full or (ii) leaving unaltered the legal, equitable and contractual rights of the Holder of such Claim securing the Allowed Other Secured Claim, up to the unpaid amount of such Allowed Other Secured Claim, subject to applicable inter-creditor lien priorities; provided, however, that unless otherwise agreed to by the Holder of such Claim and the Debtors, the Reorganized Debtors or the LPI Plan Trustee, any Holder of an Other Secured Claim shall be entitled to a Deficiency Claim for any portion of their Claim over the value of the collateral securing such claim.  There will not be any distribution on account of such Deficiency Claim. |

| Class V: Priority Claims | Unimpaired, Not Entitled to Vote | Subject to the terms of the Plan and unless the Holder of an Allowed Priority Claim agrees to other, less-favorable treatment, each Holder of an Allowed Priority Claim shall receive, on the later of (a) the Effective Date or (b) 10 days after the date that such Priority Claim becomes an Allowed Claim, in full and final satisfaction, settlement, release and discharge of and in exchange for such Claim, 100% of the unpaid amount of such Allowed Priority Claim in Cash or such other less favorable treatment as shall be agreed to between the Holder of such Priority Claim and the Reorganized Debtors or the LPI Plan Trustee. |
|---|---|---|
| Class VI: Noteholder Claims | Impaired, Deemed to Reject | Holders of Claims in this Class will not receive any recovery on their Claims. |
| Class VII: General Unsecured Claims | Impaired, Deemed to Reject | Holders of Claims in this Class will not receive any recovery on their Claims. |
| Class VIII: Intercompany Claims | Impaired, Deemed to Reject | Holders of Claims in this Class will not receive any recovery on their Claims. |

| Class IX:<br>Interests | Impaired, Deemed to Reject | Shareholders of the Debtors and other holders of Interests will retain no ownership interests in the Debtors under the Plan and will not receive any recovery on account of their Interests. Third Party Interests shall, upon the election of the Prepetition Lenders (which election shall be made prior to the LPI Plan Trust Effective Date), either be (i) cancelled effective as of the LPI Plan Trust Effective Date or (ii) transferred by such Holder thereof to the LPI Plan Trust as of the LPI Plan Trust Effective Date in accordance with the terms of any Interest Transfer Agreement. Intercompany Interests shall, upon the election of the Prepetition Lenders (which election shall be made prior to the LPI Plan Trust Effective Date), either be (i) cancelled effective as of the LPI Plan Trust Effective Date or (ii) transferred to the LPI Plan Trust by the Debtors as of the LPI Plan Trust Effective Date. |
|---|---|---|

H.     The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Creditors to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

I.     The Tabulation Rules for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J.     The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of this Court.

IT IS HEREBY FOUND AND DETERMINED THAT:

1.      The Motion is GRANTED.

2.      The Disclosure Statement is APPROVED as set forth herein.

3.      The Ballot substantially in the form attached to the Motion as **Exhibit E**, including the instructions attached to the Ballot, is APPROVED.

4.      The Ballots shall be distributed to the Creditors in the Voting Class.

5.      To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered, by either mail, overnight courier or personal delivery, to BMC Group, Inc., or such other entity determined by the Debtors (the "Balloting Agent"), so that they are actually received no later than 4:00 p.m. (CT), on June 30, 2014 (the "Voting Deadline"). Ballots transmitted by facsimile or electronic mail will not be counted.

6.      For the purposes of voting on the Plan, each Claim (i)(a) for which a proof of claim was timely Filed with the Bankruptcy Court by the Bar Date; or (b) that is listed in the Schedules and not listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been Filed by the Record Date or (ii) which has otherwise been allowed by a Final Order, shall be allowed.[3]  The foregoing is subject to further order of this Court to the extent that a party moves for temporary allowance of its Claims in an amount which is different from the amount that otherwise would apply to such Claim under the foregoing.

7.      The following procedures shall be utilized in tabulating the Ballots (the "Tabulation Rules"):

   a)      Except to the extent the Debtors otherwise determine, or as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or

---

[3]      Unless otherwise specified in the Plan, such Claim shall not include: (i) untimely Filed Claims or requests for Administrative Expenses, (ii) interest on the principal amount of the Allowed Claim from and after the Petition Date, (iii) any punitive damages, or (iv) Claims which are Assumed Liabilities.

counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

b)   Any Ballot which is otherwise properly completed, executed and timely returned that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan shall be deemed to be a vote to accept the Plan.

c)   Any Ballot which is returned indicating acceptance or rejection of the Plan but which is unsigned or does not identify the Creditor (whether or not signed) shall not be counted.

d)   Whenever a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

e)   If a creditor casts simultaneous duplicative Ballots which are voted inconsistently, such Ballots shall count as one vote accepting the Plan.

f)   Each Creditor shall be deemed to have voted the full amount of its Claim as set forth on the Ballot.

g)   Creditors shall not split their vote within a Class, thus each creditor shall vote all of its Claims within the Voting Class either to accept or reject the Plan.

h)   Ballots partially rejecting and partially accepting the Plan shall not be counted.

i)   The method of delivery of Ballots to the Balloting Agent is at the risk of each creditor, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j)   No Ballot should be sent directly to the Debtors.

k)   The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes in the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

l)   If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a creditor, such person shall be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the creditor.

m)   The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of

voting, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan.

n)   In the event a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

o)   Any creditor who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

p)   Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code or the Disclosure Statement Order.

q)   Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

r)   Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

s)   Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

t)   Any Ballot received by telecopier, facsimile or other electronic communication shall not be counted.

u)   For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline.

v)   Ballots received that do not evidence the amount or Class, or evidence an incorrect amount or Class, of such Creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Court or, if no such Final Order exits, then (i) based upon timely filed proofs of Claim, or (ii) the

Schedules filed by the Debtors if no proof of claim has been filed by such Creditor, and counted as a vote to accept or reject the Plan.

8.    Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims of the Voting Class accepting or rejecting the Plan. The Debtors shall cause such certification to be filed with the Court prior to the Confirmation Hearing.

9.    If any Creditor seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m. (ET), on June 30, 2014. The Debtors shall then have (a) until July 7, 2014 at 12:00 p.m. (ET) to file and serve any responses to such Rule 3018 Motions, and (b) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions and any responses thereto at the hearing scheduled for same on July 9, 2014. Any Ballot submitted by a Creditor that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules and the other applicable provisions of this Order unless and until the underlying Claim or Equity Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

10.    The Confirmation Hearing is hereby scheduled for July 9, 2014 at 2:00 p.m. (ET). The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than the announcement of the adjourned date(s) in an agenda or notice, at the Confirmation Hearing, or any continued hearing.

11.    Objections to confirmation of the Plan, if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Equity Interest of such

party; (iii) state with particularity the basis and nature of any objections to confirmation of the Plan; and (iv) be filed with the Court and served on: (i) the Debtors, 671 Ohio Pike, Suite K, Cincinnati, OH 45245; (ii) co-counsel to the Debtors, (a) Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036 (Attn: Leo Crowley, Jonathan Russo and Margot Erlich) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P. O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert Dehney and Derek Abbott); (iii) investment bankers to the Debtors, Duff & Phelps Securities, LLC, 10100 Santa Monica Blvd, Suite 1100, Los Angeles, CA 90067 (Attn: Mark Catania); (iv) Development Specialists, Inc., Three First National Plaza, 70 West Madison Street, Suite 2300, Chicago, IL 60602-4250 (Attn: William A. Brandt, Jr.); (v) counsel to Prepetition Secured Lenders, Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022 (Attn: Mark Deveno and Erin Mautner) and Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801 (Attn: Mark Collins); (vi) counsel to the Committee, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: David M. Posner), and Klehr Harrison Harvey Branzburg, LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801-3062 (Attn: Margaret Manning); and (vii) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Richard Schepacarter) (collectively, the "Service Parties"), so that they are received no later than 4:00 p.m. (ET) on June 30, 2014 (the "Confirmation Objection Deadline"). The Debtors may file a consolidated reply to any such objection no later than July 7, 2014 at 12:00 p.m. (ET).

12.     Any objection not properly and timely filed and served shall be deemed to be waived and to be consent to the Court's entry of an order confirming the Plan.

13.     The Confirmation Hearing Notice in substantially the form attached to the Motion as **Exhibit G** is APPROVED. The Debtors shall serve the Confirmation Hearing Notice on:

(i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases, (ii) state and local taxing authorities in which the Debtors do or did business, (iii) the Securities and Exchange Commission, (iv) Internal Revenue Service, (v) the United States Trustee, and (vi) Record Holders of Unclassified Claims, if any, no later than three (3) business days after the entry of an order approving the Disclosure Statement.

14.     The Non-Voting Notice for the Non-Voting Classes in substantially the form attached to the Motion as **Exhibit F** is APPROVED. The Debtors shall serve a copy of the Non-Voting Notice upon the members of the Non-Voting Classes no later than three (3) business days after the entry of an order approving the Disclosure Statement.

15.     Pursuant to Bankruptcy Rule 3018(a), May 15, 2014 shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date").

16.     With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of payment and interest of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

17.     The Balloting Agent shall mail Solicitation Packages no later than three (3) business days after the entry of this Order to the Voting Class containing copies of: (a) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing); (b) a form of Ballot; and (c) the Confirmation

12

Hearing Notice. Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code, Solicitation Packages will not be mailed to holders of Claims in the Non-Voting Classes. The Debtors shall also serve copies of the Solicitation Package (excluding the Ballot) on. (i) all parties that have filed requests for notice in the Chapter 11 cases on or before the Record Date; (ii) counsel for the Committee; and (iii) the United States Trustee for this District.

18.    The Debtors shall not be required to serve the Confirmation Hearing Notice on parties for which the Disclosure Statement Hearing Notice was served but returned as undeliverable and the Debtors could not find a better address after reasonable diligence.

19.    The Debtors are authorized to make non-substantive changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials included in the Solicitation Package prior to their distribution.

20.    The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

21.    The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

22.    This Order is effective immediately upon entry.

Dated: May 30, 2014
       Wilmington, Delaware

_____
HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE