IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Laboratory Partners, Inc., *et al.,* | : | Case No.  13-12769 (PJW) |
| | : | |
| Debtors.[1] | : | **Hearing Date: July 9, 2014 at 2:00 p.m.** |
| | : | **Object Deadline: June 30, 2014 at 4:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION
TO THE DEBTORS' JOINT CHAPTER 11 PLAN (D. I. 484)**

In support of her Objection to the Debtors' Joint Chapter 11 Plan (D. I. 484) (the "Plan"), Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S. Trustee"), by her undersigned counsel, states as follows:

1.  This Court has jurisdiction to hear this Objection.[2]

2.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Laboratory Partners, Inc. (3376), Kilbourne Medical Laboratories, Inc. (9849), MedLab Ohio, Inc. (9072), Suburban Medical Laboratory, Inc. (0859), Biological Technology Laboratory, Inc. (4370), Terre Haute Medical Laboratory, Inc. (1809), and Pathology Associates of Terre Haute, Inc. (6485). Certain of the Debtors do business as MEDLAB. The Debtors' mailing address for notice in these cases is: 671 Ohio Pike, Suite K, Cincinnati, OH 45245.

[2] Capitalized terms set forth in this objection are the same as those ascribed to capitalized terms as set forth in the so-referenced relevant pleading.

3.      In furtherance of her case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on this Objection.

## BACKGROUND AND RELEVANT FACTS

4.      On October 25, 2013, each of the Debtors filed a voluntary Chapter 11 petitions.

5.      On November 7, 2013, the U. S. Trustee appointed a statutory committee of unsecured creditors (the "Committee").

6.      In the Declaration of William A. Brandt, Jr. in Support of First Day Relief (D. I. 3) ("Brandt Declaration") he stated that Laboratory Partners, through its subsidiaries, provides clinical laboratory and anatomic pathology services to (i) skilled nursing facilities in Illinois, Indiana, Kentucky, Maryland, Michigan, Missouri, Ohio, Virginia and Washington, D.C. (the "Long-Term Care Division"), (ii) physicians, physician offices and medical groups (the "PO Division") in Indiana and Illinois, and (iii) Union Hospital, Inc. in Terre Haute and Clinton, Indiana (the "UH Division").  Laboratory Partners is headquartered in Cincinnati, Ohio, and, through its Subsidiaries, operates approximately 11 laboratory facilities and has approximately 27 offices in 7 states. The Debtors do not have any operations outside of the United States. Brandt Declaration at Paragraphs 4, 5.

7.      On May 21, 2014, the Debtors filed its Joint Chapter 11 Plan (D. I. 484).

8.      Initially, the U. S. Trustee raised certain issues with respect to the Plan in the nature of informal comments to the Plan, most of which have been addressed. However, certain of the issues remain unresolved and are addressed herein.

9.      Article VII. C. of the Plan provides exculpation for "Protected Parties". Article I.A.91 of the Plan defines a "Protected Party" as any of the Debtors, the LPI Plan Trustee, the Estates, the LPI Plan Trust, the Committee, the Prepetition Agent, the Prepetition Arranger, the

Prepetition Lenders, the DIP Agent, the DIP Lender and the Trust Oversight Committee and their respective Representatives of all of the foregoing as of the Effective Date.  In particular, Article VII. C. of the Plan grants exculpation to "Protected Parties".[3]

10.     The list of parties receiving exculpation is far too broad and expansive and should be limited to only parties who served in the capacity of estate fiduciaries.  See, *In re PTL Holdings, LLC*, 2011 WL 5509031 *12 (Bankr. D. Del. Nov. 10, 2011); *In re Washington Mutual Inc.*, 442 B.R. 314, 350 (Bankr. D. Del. 2011); *In re Tribune Co.*, 464 B.R. 126 (Bankr. D. Del. 2011), *In re Indianapolis Downs*, 486 B. R. 286, 306 (Bankr. D. Del. 2013).

11.     In *PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit examined the question of whether limited exculpation for official committee members and professionals retained by the debtors was appropriate. The Third Circuit ruled that the exculpation was appropriate because the provision at issue correctly stated the standard of liability for fiduciaries including official committee members and debtor professionals.

---

[3] Article VII. C. of the Plan specifically provides that "[n]one of the Protected Parties shall have or incur any liability for, and each Protected Party is hereby released from, any claims, liens, encumbrances, obligations, damages, demands, debts, suits, Causes of Action, judgments, liabilities or rights whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or in part upon any act, omission, transaction, agreement, event or occurrence taking place after the Petition Date but on or prior to the Effective Date to any other Protected Party, to any Holder of a Claim or an Interest in their capacity as such, in connection with, arising from or relating to the Chapter 11 Cases, the formulation, negotiation and/or pursuit of confirmation of this Plan, the consummation of this Plan, the administration of this Plan and/or the property to be distributed under this Plan, except for claims, causes of action or liabilities arising from the gross negligence, willful misconduct or fraud of any Protected Party, in each case subject to determination of such by final order of a court of competent jurisdiction and provided that any Protected Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan. Without limiting the generality of the foregoing, each Protected Party shall be entitled to and granted the protections and benefits of Bankruptcy Code § 1125(e)."

12. As was stated by the Court in *Washington Mutual,* an "exculpation clause must be limited to the *fiduciaries* who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *Washington Mutual,* 442 B.R. at 350-51 (emphasis added); *accord Tribune*, 464 B.R. at 189 (holding that exculpation clause "must exclude non-fiduciaries"); *In re PTL Holdings LLC,* 2011 WL 5509031, *12 (Bankr. D. Del. Nov. 10, 2011) (sustaining U.S. Trustee's objection to the exculpation clause, stating that "the exculpation clause here must be reeled into include only those parties who have acted as estate fiduciaries and their professionals"); *see also In re PWS Holding Corp.*, 228 F.3d at 246 (the creditors' committee, its members and estate professionals may be exculpated under a plan for their actions in the bankruptcy case, except for willful misconduct or gross negligence). The only parties who are eligible for to be exculpated in these cases are the Debtors' officers serving during the Chapter 11 cases, the Committee, their attorneys, financial advisors and other professionals. *See Washington Mutual,* 442 B.R. at 350-51; *Tribune*, 464 B.R. at 190; *PTL Holdings,* 2011 WL 5509031, * 12.

13. The U. S. Trustee reserves any and all rights, remedies and obligations found at law, equity or otherwise to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds or take such other actions as may become apparent upon further factual discovery.

WHEREFORE, the United States Trustee respectfully requests that the Court deny confirmation of the Plan to the extent of this Objection and grant such other relief as may be appropriate and just.

                                  Respectfully submitted,

                                  **ROBERTA A. DeANGELIS**
                                  **UNITED STATES TRUSTEE**

Dated: June 27, 2014          BY: /s/Richard L. Schepacarter
                                             Richard L. Schepacarter
                                             Trial Attorney
                                             U. S. Department of Justice
                                             Office of the U. S. Trustee
                                             J. Caleb Boggs Federal Building
                                             844 King Street, Suite 2207, Lockbox 35
                                             Wilmington, DE 19801
                                             (302) 573-6491
                                             (302) 573-6497 (Fax)
                                             Email: Richard.Schepacarter@usdoj.gov